531 So.2d 348 (1988)
Jacob MASON a/K/a Jackie Mason, Appellant,
v.
Ginger Jean REITER, Appellee.
Ginger Jean REITER, Petitioner,
v.
Jacob MASON a/K/a Jackie Mason, Respondent.
Nos. 88-1473, 88-1460, 88-1220 and 88-1219.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Rehearing Denied September 20, 1988.
Hatch, Mager, Casey & Beilly and Gerald Mager and Kathleen Molchan, Ft. Lauderdale, for appellant/respondent.
Brian R. Hersh and James M. Cooney, Miami, for appellee/petitioner.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Several of the issues raised in these consolidated appeals from a paternity proceeding include: (1) the determination that the appellant is the father of the baby, Sheeba, is not supported by clear and convincing evidence; (2) the denial of the appellant's request to testify by deposition was an abuse of discretion; (3) the use of a Human Leucocyte Antigen (HLA) test summary to support the paternity finding violated section 90.956, Florida Statutes (1987); (4) the award of temporary child support is not *349 provided for by the paternity statutes; and (5) a criminal contempt adjudication against the mother for disobeying a gag order violated due process requirements for adequate notice and a fair opportunity to be heard.
There was no error in denying the appellant/father's request to testify by deposition. It was made clear by the appellant early in the proceeding that he would exercise his right of privacy by not giving testimony in the case. Further, he refused to respond to requests for discovery. Denial of the request to testify by deposition was an appropriate sanction. See Southern Bell Tel. & Tel. Co. v. Kaminester, 400 So.2d 804 (Fla. 3d DCA 1981).
The HLA test results, which showed a 99.94% probability that the appellant was the baby's father, along with the proof that the parties had an ongoing sexual relationship during the period of conception, the court's observation of a striking resemblance between the father and two and one-half year old child, and the appellant's admission to a disinterested person that he was the child's father, constituted clear and convincing proof of paternity. See Hill v. Jackson, 497 So.2d 688 (Fla. 1st DCA 1986).
By an order dated September 27, 1987, the court approved a stipulation of the parties that the HLA summary could be admitted as evidence without production of the detailed laboratory data. That there was no ambiguity in the stipulation is evidenced by the fact that the expert named to testify to the test results was deposed on the same summary in preparation for trial with no reference to the test details. On this point the claimed error is baseless.
Nothing in chapter 742, Florida Statutes, the paternity statutes, prevents a trial judge from making a temporary award of child support after a paternity adjudication, but before a hearing on the support issue, where the two issues are bifurcated for trial. See Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984) (reversing award of temporary fees in paternity action where mother failed to establish the need for the fees and the father's ability to pay). Here the child's need for support was adequately demonstrated and the father stipulated to his ability to pay.
We have examined the notice provided the mother on the hearing for contempt and agree that it fails to adequately inform as to what order of the court was violated and whether the contempt was civil or criminal in nature. A notice of hearing on a motion for indirect contempt must apprise an accused adequately so as to not frustrate the preparation of a defense. In this case the appellant/mother was sentenced in violation of the due process requirements of rule 3.840, Florida Rules of Criminal Procedure. See Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977).
The judgments and orders entered on paternity and temporary support are affirmed; the order of contempt entered in case no. 88-1220 is reversed and that cause remanded for a new proceeding.