GRIMES, Justice.
The Florida Bar has petitioned this Court to amend the Rules Regulating The Florida Bar by the adoption of chapter 14 entitled “Fee Arbitration Rule.” The text of the proposed amendment is attached hereto.
As required by rule 1-12.1, Rules Regulating The Florida Bar, notice of intention to file this petition on or about February 15, 1989, was published in the January 15, 1989, edition of The Florida Bar News. No objections or comments concerning this petition have been filed with this Court.
Upon consideration, this petition is hereby granted. The Rules Regulating The Florida Bar are hereby amended by the creation of chapter 14 entitled “Fee Arbitration Rule” in the form attached to this opinion. This amendment shall be effective upon the date of the filing of this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, SHAW, BARKETT and KOGAN, JJ., concur.
CHAPTER 14
FEE ARBITRATION RULE
14-1 Jurisdiction and Venue.
14-1.1 Jurisdiction
(a) Circuit arbitration committees shall have jurisdiction to resolve disputes over a fee paid, charged or claimed for legal services rendered by a member of The Florida Bar when the parties to the dispute agree to arbitrate, either by written contract or request for arbitration signed by all parties.
(b) Circuit arbitration committees shall not have jurisdiction to resolve disputes involving matters in which a court has taken jurisdiction to determine and award a reasonable fee to a party or which involve fees charged which constitute a violation of the Rules Regulating The Florida Bar.
(c) Circuit arbitration committees have jurisdiction to resolve disputes between a member of The Florida Bar and a client or clients only.
(d)The chairperson of a circuit arbitration committee or the chairperson of a panel of a circuit arbitration committee, with the consent of the chairperson of the circuit arbitration committee shall have authority to decline jurisdiction to resolve any particular dispute by reason of its complexity and protracted hearing characteristics. 14-1.2 Venue (Place of Hearing)
Fee dispute resolutions shall be determined by a fee arbitration committee located in the circuit where the member of The Florida Bar maintains a principal office, where the attorney performed a substantial amount of the legal services or where the parties agree the matter should be arbitrated.
14-1.3 Rules
Each party to an arbitration proceeding initiated under these rules shall be deemed to have consented to the application of the Florida Arbitration Code (Chapter 682, Florida Statutes), except as modified by these rules.
14-2 Standing Committee
14-2.1 Generally
(a) The Board of Governors shall appoint a nine member standing committee on fee arbitration, not less than one-third of whom shall be nonlawyers. The Board of Governors will appoint a chairperson and vice chairperson of the committee. A majority of members of the committee constitutes a quorum. The lawyer members of the committee shall have been members of The Florida Bar for at least five (5) years.
(b) Terms. All members shall be appointed for three year terms, each term commencing on July 1 of the year of appointment and ending on June 30 three years thereafter. No committee member may serve for more than two consecutive full terms.
(c) Duties. The duties of the standing committee include:
(1) Prescribing uniform forms and rules of procedure for circuit arbitration committees;
*977 (2) Recommending to the Board of Governors amendments to this rule;
(3) Establishing additional circuit arbitration committees where needed;
(4) Giving advice concerning fee arbitration matters to officers, the Board of Governors, staff, sections or committees of The Florida Bar as requested or required;
(5) Gathering and maintaining vital statistical information from the circuit arbitration committees for use by the Standing Committee, Board of Governors, or other appropriate bodies;
(6) Promoting the system; and
(7) Approving administrative fees for each circuit arbitration committee.
14-3 Circuit Arbitration Committees
14-3.1 Generally
(a) The circuit arbitration committees shall consist of not less than three members, approved by the Board of Governors, who practice law or reside within the circuit. The size of a circuit arbitration committee may be increased as the chairperson of each committee deems necessary. At least one-third of the membership of each committee shall be nonlawyers. The lawyer members of the committee shall have been members of The Florida Bar for at least five (5) years.
(b) Voluntary bar association president(s) within each circuit and the Florida Council of Bar Presidents may tender names of prospective members of the circuit arbitration committees to the Board of Governors member of such circuit for recommendation to the Board of Governors, which shall appoint the members. The Board of Governors member for each circuit shall designate a chairperson and vice chairperson for each circuit arbitration committee.
(c) Terms. Terms of service shall be for one year, beginning July 1 and ending the following June 30 with no member serving more than three consecutive terms. The expiration of the term of a member shall not disqualify that member from concluding any matter pending before him or her. Any member may be removed by the Board of Governors.
14-4 Institution of Proceedings 14-4.1 Generally
(a) Consent. All proceedings shall be instituted by the filing of a written consent to arbitration under these rules signed by each party to the controversy. Each of such parties shall provide the committee with a concise statement of his or her position, including the amount claimed or in controversy, on the form prescribed and authorized by the Standing Committee. Copies of the rules and consent forms will be supplied to the parties by the circuit arbitration committee.
(b) Attachments. If there is a written contract regarding fees between the parties, a copy of that written contract shall accompany the request or submission. 14-5 Rules of Procedure
14-5.1 Confidentiality
(a) All records, documents, files, proceedings and hearings pertaining to fee arbitration under these rules shall be made available, upon inquiry, to anyone.
14-5.2 Binding Nature
(a) The parties to an arbitration proceeding under these rules shall be bound by the determination of the circuit arbitration committee panel subject to those rights and procedures to set aside or modify the award provided by Chapter 682, Florida Statutes.
(b) Any award rendered may be enforced by a court of competent jurisdiction.
RULES OF PROCEDURE FOR ARBITRATION PROCEEDINGS
I. Preamble
The following rules are those standards by which circuit arbitration committees must conduct their proceedings in fee arbitration matters.
II. Selection of Arbitrators
A. Referral to Arbitrators. Upon the proper filing of a request for arbitration, the matter shall be referred by the circuit arbitration committee chairperson to one *978 member of the circuit arbitration committee who is a lawyer who shall act as sole arbitrator when the amount in controversy is $2,500.00 or less. If the amount in controversy exceeds $2,500.00, the circuit arbitration committee chairperson shall refer the matter to a hearing panel of three circuit arbitration committee members, one of whom shall be designated panel chairperson for the case. Upon request of one of the parties, and in the sole discretion of the circuit arbitration committee chairperson, an extraordinary case involving $2,500.00 or less may be heard by a three-member panel. All three-member panels shall consist of one nonlawyer and two lawyers. Also, upon request of one of the parties or in extraordinary circumstances, and in the sole discretion of the circuit arbitration committee chairperson, any case involving $2,500.00 or less may be heard by a nonlawyer arbitrator.
B. Eligibility to Serve. It shall be the obligation of any member of a circuit arbitration committee designated as a sole arbitrator or panel member to disclose to the circuit arbitration committee chairperson any reason why he or she cannot ethically or conscientiously serve. When a member declines or is unable to serve, the circuit arbitration committee chairperson shall designate another member eligible to serve. The circuit arbitration committee chairperson has the authority to remove a sole arbitrator or panel member from hearing a particular matter if, in the judgment of the chairperson, the member should not serve.
C. Postponements. If at the time set for hearing by a panel, the three members of the panel are not present, the panel chairperson, with the consent of the parties, may postpone the hearing or proceed with fewer than three (3) members.
D. Death or Inability to Serve. If any member of the panel dies or becomes unable to continue to serve while the matter is pending, but before an award has been made, a substitute panel member shall be appointed by the panel chairperson unless the parties consent to proceed with the hearing. If a substitute panel member is appointed, he or she shall review the evidence admitted and recorded in the proceedings, if recorded. If not recorded, the review shall consist of an examination of evidence admitted and oral summary by the panel chairperson followed by argument thereon from the parties.
E. Powers of Arbitrators. The members of the circuit arbitration committee selected as arbitrators of any dispute shall be vested with all the powers and shall assume all the duties granted and imposed upon arbitrators in accordance with Chapter 682, Florida Statutes.
F. Time. The panel or the sole arbitrator assigned shall hold the hearing within forty-five (45) days after receipt of the assignment and shall render the award within ten (10) days after the close of the hearing, unless extended by the chairperson of the circuit arbitration committee for good cause.
III. Record of Proceedings
Any party may provide, at his or her own cost, the service of a stenographer to record the proceedings. If the proceedings are transcribed, the arbitrators shall be promptly provided with a copy which shall be open to inspection by all of the parties to the arbitration. By stipulation of the parties, the proceedings may be recorded by tape recorder or other electronic means.
IV. Hearings
A. Setting and Notice of Hearing. The chairperson of the panel or the sole arbitrator, as the case may be, shall coordinate with the parties and panel members and thereafter fix a time and place for the hearing and shall cause written notice thereof to be served personally or by registered or certified mail on the parties to the arbitration at the address stated on the consent to arbitration form not less than ten days before the hearing. A party’s appearance at a scheduled hearing shall constitute a waiver by him or her of any deficiency in the notice of hearing.
B. Absence of Party. The arbitration may proceed in the absence of a party who, after notice, fails to attend or to obtain a postponement from the panel chairperson *979 or sole arbitrator. Postponement, however, shall only be granted upon good cause shown. Despite the absence of a party or parties, no award shall be made without the submission of evidence to support the claim.
C. Representation by Counsel. Each party has an absolute right to be represented by counsel at any arbitration hearing.
D. Presentation of Evidence. If all parties to the controversy so agree, they may waive an evidentiary hearing and may submit their positions and contentions in writing, together with exhibits, if any, to the arbitrators who shall render a final decision based on the information before them within ten (10) days of the receipt of such writings and exhibits. The arbitrators shall require all parties and witnesses to be sworn before they testify. The arbitrators, if they so desire, may request opening statements and prescribe the order of proof. In any event, all parties shall be afforded full opportunity for the presentation of any evidence. Depositions shall be allowed only for the perpetuation of testimony. All other pre-hearing discovery is prohibited. The procedures for subpoenas and witness attendance shall be as prescribed in Section 682.08, Florida Statutes.
E. Right of Party to Attend. All parties shall have an absolute right to attend all hearings. The exclusion of other persons or witnesses shall be within the discretion of the arbitrators.
F. Chairperson to Preside. The arbitrators shall select one of their members as chairperson. The chairperson of the panel or the sole arbitrator shall preside at the hearing and shall rule on the admission and exclusion of evidence and on questions of procedure, and shall exercise all powers relating to the conduct of the hearing. The hearing should be informal in naturé without strict observance of the rules of evidence or the Florida Rules of Civil Procedure.
G. Factors to Consider Regarding Reasonable Fees. In reaching their decision, the arbitrators may consider all factors they deem relevant, including but not limited to the intention and understanding of the parties at the time the representation was undertaken as well as those factors for determining the reasonableness of a fee enumerated in rules 4-1.-5(B) and (C), Rules of Professional Conduct.
V. Closing of Hearings
The arbitrators shall specifically inquire of all parties whether they have any further evidence to submit in whatever form. If the answer is in the negative, the hearings shall be closed. The circuit arbitration committee files shall be preserved for a period of one (1) year from the date of submission of the award to the parties.
VI. The Award
The decision of the arbitrators shall be expressed in a written award on the form prescribed by the Standing Committee, signed by the arbitrators, which shall include a brief explanation of the basis of the award and shall be submitted to the parties. If there is a dissent, it shall be signed separately but the award shall be binding if signed by a majority of the arbitrators. Unless the consent to arbitration provides otherwise, the arbitrators may grant any lawful relief, including specific performance. An award may also be entered upon the consent of all the parties. Once the award is signed, the hearing may not be reopened except upon consent of all parties and the chairperson or sole arbitrator. The award may be set aside, modified or corrected only in accordance with Sections 682.13 and 682.14, Florida Statutes, as amended.
VII. Death or Incompetence of a Party
In the event of the death or adjudication of incompetency of a party to the arbitration proceedings, during the course of arbitration but prior to the rendering of a decision, the proceeding shall abate upon the suggestion of death of a party or notice of adjudication of incompetency of a party to the chairperson, unless the personal representative or the guardian of the party consents to go forward. In the event of death or incompetence of a party after the *980 close of the proceedings but prior to a decision, the decision rendered shall be binding upon the heirs, administrators or executors of the deceased and on the estate and guardian of the incompetent.