ORDER
In our opinion of February 15, 1990 extensive amendments to the Rules Regulating The Florida Bar were adopted. Recognizing that the rules, as adopted, were the integration of the recommendations of the Bar, the recommendations of the Disciplinary Review Commission, and the independent amendments made by this Court, we directed the Bar and encouraged interested parties to review the rules for conformity and to submit any responses within the rehearing period. In response, The Florida Bar has filed a motion for clarification which we grant to the extent reflected in the attached opinion which is substituted for the opinion originally issued in this cause.
We have considered and deny the motion for clarification of Ronald Bibace and the motions for rehearing of Jimmy Hatcher and Edith Broida.
PER CURIAM.
The Board of Governors of The Florida Bar, pursuant to rule 1-12.1, Rules Regulating The Florida Bar, petitions this Court to approve extensive revisions to the Rules Regulating The Florida Bar. The proposed amendments are the final product of an endeavor begun in June 1987 by the Disciplinary Review Commission which was created by the then President-Elect Ray Ferrero. The Commission was appointed to 1) evaluate the current grievance system; 2) consider the feasibility and structuring of a statewide fee arbitration system; [1] 3) determine whether criteria should be established in regard to staff attorney case loads; and 4) evaluate the workload generated under the current system. In a report published January 1989, the Commission made recommendations concerning procedural aspects of the grievance system, administrative policy, and confidentiality. With the exception of several of the Commission’s recommendations concerning confidentiality and its recommendation in connection with immunity of the complainant, the Bar incorporated the Commission’s recommendations into its proposed amendments. Official notice of the Bar’s intent to file this petition was published in the July 15, 1989, edition of The Florida Bar News as required by rule 1-12.1, Rules Regulating The Florida Bar. Oral argument was held on October 2, 1989.
We have considered comments from interested parties, including the Florida Medical Association, and the response of William E. Loueks, past Chairperson of the *1009 Disciplinary Review Commission and Rutledge R. Liles, the immediate past President of The Florida Bar. In their response to the petition, Mr. Liles and Mr. Louck urge the Court to adopt the confidentiality scheme recommended by the Commission. The Commission’s recommendations in this area differ from those of the Bar in three major respects: 1) the so called “gag rule”; 2) public access to information concerning grievance proceedings; and 3) immunity of the complainant.
The Commission recommends that the gag rule be abolished and complainants in a disciplinary proceeding be allowed to state the fact that a complaint has been filed with The Florida Bar. After final disposition of the case at the grievance committee level, the Bar would be allowed to reveal that disposition, the reason therefor, and to share, upon request, any public record documents. Authorized representatives of The Florida Bar would also be allowed to respond to specific inquiries concerning matters which are in the public domain, but otherwise confidential under the rule, by acknowledging the status of the proceedings. The Bar proposes a “partial abolition” of the gag rule. Under the Bar’s proposal, complainants and other participants would be allowed to state that a grievance complaint has been filed and probable cause or no probable cause has been found, once such findings have become final. However, the gag rule would continue for admonishments (previously known as private reprimands). Authorized representatives of the Bar would be allowed to respond to inquiries regarding otherwise confidential matters which are in the public domain by acknowledging the status of the proceedings. With the above exceptions, disciplinary proceedings and all matters related thereto would remain confidential until a formal complaint for other than minor misconduct is filed with this Court. Under the Bar’s proposal, perpetual confidentiality would be maintained where the final disposition is a finding of “minor misconduct.” As to immunity of the complainant, the Commission recommends that the complainant not be given immunity or privilege from civil liability but be subject to applicable Florida law. However, the Bar proposes absolute immunity if disclosure of the proceedings is not made by the complainant and qualified immunity if disclosure is made.
After careful consideration, we approve all amendments proposed by the Board of Governors except those which are in conflict with the above recommendations of the Commission. While we recognize the diligent efforts of the Bar to submit a proposal which will overcome the public perception that the disciplinary system is self-protective and rife with secrecy, we agree with the Commission that public respect and confidence in the primarily self-operated lawyer disciplinary system can best be gained by allowing the public to determine for itself that the grievance system works efficiently, fairly, and accurately. We also share the Commission’s constitutional concerns about a confidentiality rule which retains a “gag” rule and which requires permanent confidentiality in disciplinary proceedings involving minor misconduct. See Doe v. Gonzalez, 723 F.Supp. 690 (S.D.Fla.1988), affirmed, 886 F.2d 1323 (11th Cir.1989). Therefore, we adopt the confidentiality scheme which opens the grievance process to public review, as recommended by the Commission.
The rules, as adopted, are the integration of the recommendations of the Bar, the recommendations of the Commission, and the independent amendments made by this Court. The major changes in the appended Rules Regulating The Florida Bar are as follows. The amendment to rule 3-3.2 grants authority for the filing of a formal complaint with this Court, without the prior necessity of a finding of probable cause in those cases which are based on the same misconduct for which a member has been temporarily suspended and in those cases which are based on charges of felony conduct (prior to conviction) when the chairperson of the appropriate grievance committee agrees to the direct filing of the formal complaint. The amendment to paragraph (a) of rule 3-5.1 changes the term “private reprimand” to “admonishment” in order to avoid confusion between the current public *1010 and private reprimand. This paragraph also authorizes the administration of admonishments before grievance committees. Paragraph (b)(3) of rule 3-5.1 has been amended to require that notice of a determination of minor misconduct be given to the complainant. Consistent with the amendments to rule 3-7.1, paragraph (b)(4) of rule 3-5.1 has been amended to remove the requirement that cases in which either the board or the respondent rejects a grievance committee report of minor misconduct remain confidential until this Court enters an order imposing public discipline. The amendment to paragraph (b)(5) of that rule shortens the time for an admission of minor misconduct after a finding of probable cause to fifteen days after the probable cause finding. Paragraph (d) of rule 3-5.1 allows public reprimands to be administered before any judge designated by this Court. The amendment to paragraph (c) of rule 3-6.1 adds former members who resigned in lieu of discipline to those who may not have direct client contact or handle trust funds or property.
Rule 3-7.1, as amended, opens the grievance process to public review. Disclosure under the rule is limited to information concerning the status of the proceedings and information which is part of the public record. Paragraph (a) clarifies what constitutes the “public record.” Paragraph (b), as amended, provides that proceedings under rule 3-3.5 are public and contempt proceedings authorized under the rules are public, even if the underlying disciplinary matter is otherwise confidential. Consistent with this amendment, paragraph (f)(2) of former rule 3-7.10 dealing with the preservation of confidentiality during contempt proceedings has been deleted. Likewise, paragraph (g) of rule 3-7.11 (former rule 3-7.10) has been amended to reflect this change. Paragraph (d) of rule 3-7.1 allows the complainant, respondent, or any witness to disclose the existence of disciplinary proceedings and any documents or correspondence served on or provided them. Consistent with this change, paragraph (e) of rule 3-7.11 (former rule 3-7.10) no longer prohibits witnesses from disclosing the existence of a disciplinary proceeding or the identity of the respondent. Paragraph (e) of rule 3-7.1 allows authorized representatives of the Bar to respond to inquiries concerning matters in the public domain, but otherwise confidential, by acknowledging the status of the proceedings. Under paragraph (g) of that rule, disciplinary matters pending at the initial investigatory and grievance committee levels shall be treated as confidential by the Bar, except as provided in paragraph (e). Under paragraph (h) of rule 3-7.1, disciplinary cases in which a finding of minor misconduct has been entered became public information. Similarly, upon a finding of probable cause or no probable cause disciplinary cases become public information, under paragraphs (i) and (j), respectively. Paragraph (i) also provides that for purposes of that paragraph a finding of probable cause shall be deemed to have been made in those cases authorized by rule 3-3.2(a) for the filing of a formal complaint without the prior necessity of a finding of probable cause. Paragraph (k) authorizes the Bar to provide information pursuant to subpoenas of regulatory agencies. Paragraph (l) provides that any judge may be advised as to the status of a confidential matter and provided with a copy of the public record. Paragraph (o), which is new, replaces paragraph 3-7.1(a)(l)e which allowed the Bar to disclose information necessary to correct a false or misleading statement made by a candidate for public office concerning a disciplinary action against the candidate. This paragraph authorizes the Bar to respond to false and misleading statements made by any person regarding disciplinary cases by disclosing all information necessary to correct the false or misleading statements. Paragraph (p), which is also new, allows the Bar, upon written waiver by the respondent, to disclose the status of the proceeding and to provide copies of the public record to the Florida Board of Bar Examiners, the Florida judicial nominating commissions and comparable bodies in other jurisdictions.
Rule 3-7.3, which is new, differentiates between inquiries into professional conduct and complaints and sets forth the proce *1011 dures to be followed for each. Under paragraphs (a) and (d) of that rule, the complainant shall be notified of a decision not to pursue an inquiry and of a dismissal of a case and shall be given the reasons therefor. Under new paragraph (f) of rule 3-7.-8, closed inquiries and complaints dismissed by bar counsel became public information. Former rules 3-7.3 through 3-7.14 are renumbered 3-7.4 through 3-7.15, respectively. References to “admonishments” in rule 3-7.4 are changed to “letters of advice.” Paragraph (f) of that rule allows grievance committees to hear matters in panels of three or more if the designated reviewer and committee chairperson agree. Paragraph (f) further provides that the chairperson or vice-chairperson serve as the presiding officer if one of them is a member of the panel. If neither is on the panel, one of the lawyer members must be elected to preside. Under that paragraph, a lawyer grievance committee member who investigated a matter may not vote on its disposition. Under paragraph (g) of rule 3-7.4, a hearing is no longer required before a probable cause determination may be made. However, the respondent is provided with all materials considered by the committee and is allowed to respond in writing. Under paragraph (h) of rule 3-7.4 the complainant is granted the right to be present at any grievance committee hearing in which the respondent is present. Paragraph (j) of that rule has been amended to, among other things, define the record before the grievance committee. In conformity with the amendments to rule 3-7.1, paragraph (k) of rule 3-7.4 no longer requires that the letter sent to the complainant by bar counsel after a finding of no probable cause explaining why the complaint did not warrant further proceedings be sent in confidence. This paragraph also clarifies that although a letter of advice is not a disciplinary record, it is otherwise part of the public record. The amendment to paragraph (b) of rule 3-7.5 places a time limit on the ability of the designated reviewer to review actions of the grievance committee. Paragraph (n) of rule 3-7.6 has been amended to add a research fee for the production of documents to persons other than regulatory agencies which are covered in paragraph (j) of rule 3-7.1.
Accordingly, the appended'amendments to the Rules Regulating The Florida Bar are adopted. Additions are underlined; deletions are indicated by strike-through type. The rules shall become effective March 17, 1990. While we believe that the amendments removing the gag rule should be applied retroactively, we decline to retroactively apply those provisions opening disciplinary files to public inspection for several reasons. First, in many cases information contained in the file was given under the belief that the information would remain confidential and that the complaint would have absolute immunity. See, e.g., Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977) (complainant has absolute immunity from liability arising out of making a grievance complaint). It would be unfair to now change the rules after the fact and open those records to the public. The publication of the confidential information in those files could subject a complainant to a possible suit for libel and slander. Second, many minor misconduct and other private reprimand cases resulted from plea bargains in which the respondent gave up his right to challenge the alleged violations in exchange for the assurance that the matter would remain confidential. Finally, as a practical matter, it would be unduly burdensome and costly for the Bar to reorganize pending and closed files into public and non-public records. Therefore, the provisions removing the gag rule shall apply to closed, as well as, pending and future disciplinary cases. However, the provisions allowing public access to disciplinary records shall apply to only those actions for which a disciplinary file is opened on or after the effective date. Those amendments to the procedures for the investigation and prosecution of disciplinary complaints which do not directly deal with disclosure shall apply to both pending and future cases.
It is so ordered.
*1012 EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
CHAPTER 3. RULES OF DISCIPLINE
3-1. PREAMBLE
RULE 3-1.1 [NO CHANGE]
RULE 3.1.2 [NO CHANGE]
3-2. DEFINITIONS
RULE 3-2.1 GENERALLY [NO CHANGE]
3-3. JURISDICTION TO ENFORCE RULES
RULE 3-3.1 [NO CHANGE]
RULE 3-3.2 BOARD OF GOVERNORS OF THE FLORIDA BAR
The board is assigned the responsibility of maintaining high ethical standards among the members of The Florida Bar. The board shall supervise and conduct disciplinary proceedings in accordance with the provisions of these rules.
(a) Authority to File a Formal Complaint. No formal complaint shall be filed by The Florida Bar in disciplinary proceedings against a member of the bar unless either a grievance committee or the board there shall first be a finding under these rules that probable cause exists to believe that the respondent is guilty of misconduct justifying disciplinary action, or the member has been temporarily suspended for the same misconduct that is the subject matter of the formal complaint, or unless the respondent has been determined or adjudged to be guilty of the commission of a felony^ or unless the respondent has been disciplined by another entity having jurisdiction over the practice of law or, with the concurrence of the chairperson of the grievance committee, if the member has been charged with the commission of a felony under applicable law which warrants the imposition of discipline.
The — finding—of- probable -cause--shall — be made-b-y-a-g-r-ievance committee-or-by-the board-in-accordance with these- rules.
(b) [NO CHANGE]
RULE 3-3.3 [NO CHANGE]
RULE 3-3.4 [NO CHANGE]
RULE 3-3.5 [NO CHANGE]
3-4. STANDARDS OF CONDUCT [NO CHANGE]
3-5. TYPES OF DISCIPLINE
RULE 3-5.1 GENERALLY
[Introductory paragraph — NO CHANGE]
(a) Private-Reprimand Admonishments. A Supreme Court of Florida order finding minor misconduct and adjudging an private reprimand admonishment may direct the respondent to appear before the Supreme Court of Florida, the board of governors^ grievance committee, or the referee for administration of the reprimand admonishment. A grievance committee report and finding of minor misconduct or the board of governors, upon review of such report, may direct the respondent to appear before the board of governors or the grievance committee for administration of the reprimand admonishment. A memorandum of administeringration of sueh an reprimand admonishment shall thereafter be made a part of the record of the proceeding.
(b) Minor Misconduct. Minor misconduct is the only type of misconduct for which an private reprimand admonishment is an appropriate disciplinary sanction.
(1) [NO CHANGE]
(2) Discretion of Grievance Committee. Despite the presence of one or more of the criteria described in paragraph (1), above, a grievance committee may recommend an private reprimand admonishment for minor misconduct when unusual circumstances are present. When the grievance committee recommends an private reprimand admonishment for minor misconduct under such circumstances, its report shall contain a detailed explanation of the circumstances giving rise to the committee’s recommendation.
(3) Recommendation of Minor Misconduct. If a grievance committee finds the respondent guilty of minor misconduct or if the respondent shall admit guilt of minor *1013 misconduct and the committee concurs, the grievance committee shall file its report recommending an private reprimand admonishment, recommending the manner of administration and for the taxing of costs against the respondent. The report recommending an private reprimand admonishment shall be forwarded to staff counsel and the designated reviewer for review. If staff counsel does not return the report to the grievance committee to remedy a defect therein, or if the report is not referred to the disciplinary review committee by the designated reviewer (as provided in rule 3-7.45(b)), the report shall then be served on the respondent by branch staff bar counsel. The report and finding of minor misconduct shall become final unless rejected by the respondent within fifteen (15) days after service of the report. If rejected by the respondent, the report shall be referred to bar counsel and referee for trial on complaint of minor misconduct to be prepared by branch staff bar counsel as in the case of a finding of probable cause. If the report of minor misconduct is not rejected by the respondent, notice of the finding of minor misconduct shall be given, in writing, to the complainant.
(4) Rejection of Minor Misconduct Reports. The rejection by the board of governors of a grievance committee report ree-ommending a private reprimand for of minor misconduct, without dismissal of the case, or remand to the grievance committee, shall be deemed a finding of probable cause. The rejection of such report by a respondent shall be deemed a finding of probable cause for minor misconduct. If either-the board or the respondent rejects a minor- misconduct report, confidentiality shall remain--in-effect until the Supreme Court-of- Florida enters an order imposing public discipline-.- Upon trial before a referee following rejection by a respondent of a report of minor misconduct, the referee may recommend any discipline authorized under these rules.
(5) Admission of Minor Misconduct. At any-time prior to the filing of a complaint with the-Supreme Court of Florida Within fifteen (15) days after a finding of probable cause by a grievance committee a respondent may tender a written admission of minor misconduct to branch-staff bar counsel or the grievance committee. An admission of minor misconduct may be conditioned upon acceptance by the grievance committee, but the respondent may not condition the admission of minor misconduct upon the method of administration of the private- — reprimand admonishment or upon nonpayment of costs incurred in the proceedings. Such an admission may be tendered after a finding of probable cause (but before the filing of a complaint) only if such an admission has not been previously tendered. If the admission is tendered after a finding of probable cause, the grievance committee may consider such admission without further evidentiary hearing and may either reject the admission, thereby affirming its prior action, or accept the admission and issue its report of minor misconduct. If a respondent’s admission is accepted by the grievance committee, the respondent may not thereafter reject a report of the committee recommending an private -reprimand admonishment for minor misconduct. If the admission of minor misconduct is rejected, such admission shall not be considered or used against the respondent in subsequent proceedings.
(c) [NO CHANGE]
(d) Public Reprimand. A public reprimand shall be administered in the manner prescribed in the judgment but all such reprimands shall be reported in the Southern Reporter. Due notice shall be given to the respondent of any proceeding set to administer the reprimand. The respondent shall appear personally before the Supreme Court of Florida, the board of governors, any judge designated to administer the reprimand, or the referee, if required, and such appearance shall be made a part of the record of the proceeding.
[ (e)-(h) NO CHANGE]
3-6. EMPLOYMENT OF CERTAIN DISCIPLINED ATTORNEYS
RULE 3-6.1 GENERALLY
When attorneys have been placed on the inactive list, suspended, disbarred, or allowed resignation pursuant to rule 3-7.112 *1014 by order of this Court, they are ineligible to practice law until reinstated or readmitted. However, this shall not preclude a lawyer, law firm, or professional association from employing the suspended, disbarred, or resigned individual to perform such services only as may ethically be performed by other lay persons employed in attorneys’ offices under the following conditions:
[ (a)-(b) NO CHANGE]
(c) Client Contact. No suspended, resigned, or disbarred attorney shall have direct contact with any client or receive, disburse, or otherwise handle trust funds or property of a client.
3-7. PROCEDURES
RULE 3-7.1 CONFIDENTIALITY
All matters including files, preliminary investigation reports, interoffice memoran-da, records of investigations, and the records in trials and other proceedings under these rules, excepting only those disciplinary matters in connection-with-proceedings initiated conducted in circuit courts, are all property of The Florida Bar. AH of such matters having to do with (1) investigation and other-proceedings to determine probable cause and (2) resignations pending disciplinary proceedings shall be confidential to all parties-participating therein or having knowledge- ther-eof-except as otherwise provided in -these-mles, — All persons shall be admonished by the agency before whom they appear to observe the confidential nature of-such-proceedings. — However, the confidential- nature of such proceedings is subject to the following-exceptions. All of those matters shall be confidential and shall not be disclosed except as provided in these rules. When disclosure is permitted under these rules, it shall be limited to information concerning the status of the proceedings and any information which is part of the public record as defined in these rules.
(a) Public Record. The-record, as defined in rule 3-7.5(-l),-and-any reports, cor-respondencer-papers, and/or transcripts-of hearings furnished to or served on the respondent and any responses in the proceedings shall become public information in the following instances. The public record shall consist of the record before a grievance committee, the record before a referee, the record before the Supreme Court of Florida and any reports, correspondence, papers, recordings and/or transcripts of hearings furnished to, served on or received from the respondent or the complainant.
(1) Action of Respondent.-
a, — If the -respondent shall file in the proceeding-a-request, in writing, that-the proceedings be made public information,
fe — If the respondent shall, orally or in writing, disclose the status or pendency of the proceedings to the media or any persons or entity not within the purview - of confidentiality.
e, — If the respondent shall institute proceedings- in a court or before any administrative-body thereby disclosing-tbe-stafcas or pendency of the proceedings.
4 — If -respondent shall resign, - pending disciplinary proceedings which are confidential, confidentiality--of-the proceedings shall terminate on the filing of the petition for leave to resign and the general nature of the disciplinary- charges shall be stated in the resignation order.
e, — If a member of The Florida Bar who is a candidate for- public office makes public the fact of and circumstances surrounding the administration of discipline to-that mem-ber-at the level of a private reprimand or higher, The Florida Bar may disclose information necessary to correct a false-or misleading statement by such candidate.
(-2)-Action of The Florida-Ban?
Upon the filing by staff-counsel in- the Supreme Court-of- Florida of a formal complain-t-for other than minor misconduct.
(3b) Circuit Court Proceedings.
If the proceeding is in a circuit court. However, proceedings in contempt of confidential proceedings shall preserve the confidentiality-of-the disciplinary proceedings as elsewhere provided. Proceedings under rule 3-3.5 shall be public information. Contempt proceedings authorized elsewhere in these rules shall be public information even though the underlying discipli *1015 nary matter is confidential as defined in these rules.
(fee) Limitations on Public Disclosure.
Public disclosure of all or any portion-of the record, as defined in rule 3-7,5(1), is subject, in all instances,-to the following limitations;
(1) Any material or information provided to The Florida Bar in the course -of-an investigation which is confidential under applicable law shall remain confidential and shall not be disclosed except as authorized by suoh the applicable law. If this type of material is made a part of the public record, that portion of the public record may be sealed by the grievance committee chairman, the referee or the Supreme Court of Florida.
(2) The disclosure does not affect the right of confidentiality under these rules of any other-member of The Florida Bar.
(c) Limited Disclosure; Access to Confidential-Information. — Upon request, and to the extent necessary to provide the-information required therefor, any-por-tion-of the record, as defined in rule 3-7.5(l-),-and any — reports^—correspondence,—papers, and/or transcripts of-hearings furnished to or served upon the -respondent and any response-in-the-proceedings shall be provided to:
(1) The Florida Board of Bar — Examiners and the-comparable body having jurisdiction of an application for admission in- another jurisdiction for the purpose -of-evaluating the applicant’s competency to practice law-.
(2) Judicial nominating- commissions — for the purpose of evaluating an applicants qualification-for — judicial appointment.
(3) The Clients’ Secur-ity-Fund Committee to assist in prepar-ing-its recommendation on the validity of an application for relief?
(d) Any judge of a court of record having a judicial interest in the matter.
(5) A complainant for-advice as to the pending status-er final disposition- of — the complaint,
(6) Any individual — or—organization for whom a member of The Florida Bar has signed a waiver-of-confidentiality for the purposes expressed in such waiver.
(d) Disclosure of Information. Unless otherwise ordered by this Court or the referee in proceedings under this rule, nothing in these rules shall prohibit the complainant, respondent or any witness from disclosing the existence of proceedings under. these rules or from disclosing any documents or correspondence served on or pro* vided to those persons.
(e) Response to Inquiry. Representatives of The Florida Bar, authorized by the board of governors, shall respond to specific inquiries, concerning matters which are in the public domain, but otherwise confidential under the rules, by acknowledging the status of the proceedings.
(df) Limited — Disclosure—of—Nature—of Charges to Partners — and Shareholders, Notice to Law Firms. When a disciplinary file is opened Tthe respondent shall disclose to respondent’s present his or her current law firm and, if different, respondent’s law firm at the time of the act(s) giving rise to the complaint, the fact that a complaint disciplinary file has been filed with the The Florida Bar-and the nature of the charges against-the respondent opened. The dDisclosure shall be in writing and shall- be in thé following form:
A complaint of unethical conduct against the undersigned me has been filed with The Florida Bar. The nature of the charges allegations are_This notice is provided pursuant to rule 3-7.1(df) of the Rules Regulating The Florida Bar.
The notice shall be provided within fifteen (15) days of notice that a disciplinary file complaint has been opened made and a copy of the above notice shall be served on The Florida Bar.
(e) Limitations -on Limited Disclosure? Disclosures — authorized—in—rule—3-7-?f(e) above are subject, in all instances, to the limitations on-public disclosure set forth in rules 3 — 7.1(b)(1) and 3-7.1(b)(2) and are further-subject to the following;
*1016 (f)-The attorney who is the subject of a request for limited disclosure, as described in rule 3-7.1(c), shall forthwith be advised of the content of all reports and-infonmation provided to the requesting party.
(2) All confidential information provided shall-remain confidential-and shall not be disclosed by the recipient-thereof except as may be provided-in these -gales*
(3) A complainant will not be advised of an admonishment accompanying a finding of no probable cause.
(f) Information Concerning Proceedings. No information concerning-the pendency-or status of an- investigation or.other — confidential-matter shall be given unless authorized by the Supreme Court of Florida or these rules.
(g) Pending Investigations. Disciplinary matters pending at the initial investigatory and grievance committee levels shall be treated as confidential by The Florida Bar, except as provided in rule 3-7.1(e).
(h) Minor Misconduct Cases. Any case in which a finding of minor misconduct has been entered, by action of the grievance committee or board, shall become public information.
(i) Probable Cause Cases. Any disciplinary case in which a finding of probable cause for further disciplinary proceedings has been entered shall be public information. For purposes of this paragraph a finding of probable cause shall be deemed to have been made in those cases authorized by rule 3-3.2(a), for the filing of a formal complaint without the prior necessity of a finding of probable cause.
(j) No Probable Cause Cases. Any disciplinary case which has been concluded by a finding of no probable cause for further disciplinary proceedings shall become public information.
(k) Production of Disciplinary Records Pursuant to Subpoena. The Florida Bar, pursuant to a valid subpoena, issued by a regulatory agency, may provide any documents which are a portion of the public record, even if the disciplinary proceeding is confidential under these rules. The Florida Bar may charge a reasonable fee for identification of and photocopying the documents.
(/) Notice to Judges. Any judge of a court of record may be advised as to the status of a confidential disciplinary case and may be provided with a copy of the public record. The judge shall maintain the confidentiality of the matter.
(gm) Evidence of Crime. The confidential nature of disciplinary these proceedings and-the-oath given to witnesses therein shall not prescribe preclude the filing of or testimony before grand juries or oth-having — knowledge of facts indicating the commission of crime authorized to investigate alleged criminal activity.
(hn) Confidentiality — Regarding—Treatment for.-Alcohol.Abuse- Alcohol and Drug Treatment. (1) Evidence tThat an attorney has voluntarily sought, received, or accepted treatment for alcoholism or alcohol or drug abuse shall be deemed confidential and shall not be admitted as evidence in disciplinary proceedings under these rules unless agreed to by the attorney who sought the treatment.
(2) No qualified person furnishing treat ment, advisory) ■consultive, or other services or who offers such services, or with whom an attorney has consulted — for—the purpose of - considering or securing treat-memV-advisory, consultive, or other services relating to-alcoholism or alcohol abuse may give evidence with respectto- the-consultation- or treatment by such attorney in any disciplinary proceeding- without — the written consent-of-the-attorney(s) affected.
(3) It is the purpose of this paragraph (h) to encourage attorneys to voluntarily seek advice, counsel, and treatment available to such attorneys, without fear that such advice^ counsel, and treatment, or the fact of its being is sought or offered rendered, will or might cause embarrassment in any future disciplinary matter.
(o) Response to False or Misleading Statements. If public statements which are false and misleading are made about any otherwise confidential disciplinary *1017 case, The Florida Bar may disclose all information necessary to correct such false or misleading statements.
(p) Disclosure by Waiver of Respondent. Upon written waiver executed by a respondent, The Florida Bar may disclose the status of otherwise confidential disciplinary proceedings and provide copies of the public record to:
(1) The Florida Board of Bar Examiners or the comparable body in other jurisdictions for the purpose of evaluating the character and fitness of an applicant for admission to practice law in that jurisdiction; or
(2) Florida judicial nominating commissions or the comparable body in other jurisdictions for the purpose of evaluating the character and fitness of a candidate for judicial office.
RULE 3-7.2 [NO CHANGE]
RULE 3-7.3 REVIEW OF INQUIRIES, COMPLAINT PROCESSING AND INITIAL INVESTIGATORY PROCEDURES
(a) Screening of Inquiries. Prior to opening a disciplinary file, bar counsel shall review the inquiry made and determine whether the alleged conduct, if proven, would constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline. If bar counsel determines that the facts, if proven, would not constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline, bar counsel may decline to pursue the inquiry. A decision by bar counsel not to pursue an inquiry shall not preclude further action or review under the Rules Regulating The Florida Bar. The complainant shall be notified of a decision not to pursue an inquiry and shall be given the reasons therefor.
(b) Complaint Processing and Bar Counsel Investigation. If bar counsel decides to pursue an inquiry, a disciplinary file shall be opened and the inquiry shall be considered as a complaint, if the form requirement of (c) is met. Bar counsel shall investigate the allegations contained in the complaint.
(c) Form for Complaints. All complaints, except those initiated by The Florida Bar, shall be in writing and under oath. The complaint shall contain a statement providing that:
Under penalty of perjury, I declare the foregoing facts are true, correct and complete.
(d) Dismissal of Disciplinary Cases. Bar counsel may dismiss disciplinary cases if, after complete investigation, bar counsel determines that the facts show that the attorney did not violate the Rules Regulating The Florida Bar. Dismissal by bar counsel shall not preclude further action or review under the Rules Regulating The Florida Bar. Nothing in these rules shall preclude bar counsel from obtaining the concurrence of the grievance committee chairperson on the dismissal of a case. If a disciplinary case is dismissed, the complainant shall be notified of the dismissal and shall be given the reasons therefor.
(e) Referral to Grievance Committees. Bar counsel may refer disciplinary cases to a grievance committee for its further investigation or action as authorized elsewhere in these rules. Bar counsel may recommend specific action on a case referred to a grievance committee.
(f) Information Concerning Closed Inquiries and Complaints Dismissed by Staff. When bar counsel does not pursue an inquiry or dismisses a disciplinary case, such action shall be deemed a finding of no probable cause for further disciplinary proceedings and the matter shall become public information.
RULE 3-7.34 GRIEVANCE COMMITTEE PROCEDURES
[Introductory paragraph and (a)-(d) NO CHANGE]
(e) Counsel and Investigators. Upon request of a grievance committee, staff counsel may appoint a bar counsel or an investigator to assist the committee in an investigation. Staff counsel shall assist each grievance committee in carrying out its in *1018 vestigative and administrative duties and shall prepare status reports for the committee, notify complainants and respondents of committee actions as appropriate, and prepare all reports reflecting committee findings of probable cause, no probable cause, recommended discipline for minor misconduct, and admonishments letters of advice after no probable cause findings.
(f) Quorum, Vote. Three (3) members of the committee, two (2) of whom must be lawyers, shall constitute a quorum. The grievance committee may consider cases in panels of nNot fewer than three (3) members, one of whom-must-be-the-Ghairperson or vice-chairperson and-another two (2) of whom must be a lawyers, shall-constitute a quorum. Consideration of matters by a panel of three (3) members shall only be conducted upon concurrence of the designated reviewer and the chairperson of the grievance committee. The three (3) member panel shall elect one of its lawyer members to preside over the panel’s actions. If the chairperson or vice-chairperson is a member of a three (3) member panel, the chairperson or vice-chairperson shall be the presiding officer. All findings of probable cause and recommendations of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee members present, which majority must number at least two (2) members. The number of committee members voting for or against the committee report shall be reflected in the transcript. Minority reports may be filed. A lawyer grievance committee member may not vote on the disposition of any matter in which that member served as the investigating member of the committee.
(g) Rights and Responsibilities of the Respondent. The respondent may be required to testify and to produce evidence as any other witness unless the respondent claims a privilege or right properly available to the respondent under applicable federal or state law. The respondent may be accompanied by counsel. At a reasonable time before any hearing at which any finding of probable cause or minor misconduct is made the respondent shall be advised of the conduct which is being investigated and the rules which may have been violatedT provided the bar may amend-its-statement as-to-which-^-ules-have-been- violated. The respondent shall be provided with all materials considered by the committee and shall be given an opportunity to make a written statement personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting, or admitting the alleged misconduct. The respondent-shail be -granted the right to be present-at-any grievance committee hearing when evidence is to be presented to the committee, to face the accuser, and to call witnesses or present evidence, and to cross-examiner-sabjeGt-to reasonable limitation,
(h)Rights of the Complaining Witness. The complaining witness is not a party to the disciplinary proceeding. Unless found to be impractical by the chairman of the grievance committee due to unreasonable delay or other good cause, the complainant shall be granted the right to be present at any grievance committee hearing when evi-donGe-is- to be presented, subject to reasonable-limitations the respondent is present before the committee. Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise, or restitution will excuse the completion of an investigation. The complaining witness shall have no right to appeal.
[ (i) NO CHANGE]
(j) Preparation, Forwarding, and Review of Grievance Committee Complaints. If a grievance committee finds probable cause, the branch-staff bar counsel assigned to the committee shall promptly prepare a record of its investigation and a formal complaint. The record before the committee shall consist of all reports, correspondence, papers, and/or recordings furnished to or received from the respondent and the transcript of grievance committee meetings or hearings, if the proceedings were attended by a court reporter. Provided, however, that the committee may retire into private session to debate the issues involved and to reach a decision as to the action to be taken. The formal complaint shall be signed by the chairperson or vice-chairperson member of the committee who par-tici- *1019 pated presided in the proceeding. The formal complaint shall be in such form as shall be prescribed by the board. If the presiding member of the grievance committee disagrees with the form of the complaint, he or she may direct bar counsel to make changes accordingly. If bar counsel does not agree with the changes, the matter shall be referred to the designated reviewer of the committee for appropriate action. Such -formal complaint shall be promptly forwarded to and reviewed by bar headquarters staff- counsel. — If-the-grievance committee chairperson or- -vice-ohair-person-disagrees with the-form of the complaint, he -or -she-may direct branch staff counsel to make changes accordingly. — If branch -staff counsel does not agree with the directed changes, the matter shall-be referred to the designated reviewer of the committee for appropriate action-, When a formal complaint by a grievance committee is not referred to the designated reviewer, or returned to the grievance committee for further action, the formal complaint shall be promptly forwarded to and reviewed by bar headquarters staff counsel who shall file the formal complaint, furnish a copy of the formal complaint to the respondent, and a copy of the transcripts and exhibits record shall be made available to the respondent at his or her expense.
(k) Letter Reports in no Probable Cause Cases. Upon a finding of no probable cause, the presiding member of the committee chairperson or vice-chairper-son will submit a shor-t-letter report of the no probable cause finding to branch staff bar counsel with a copy to the investigating member and the respondent if the respondent was notified of the investigation. The report to branch staff counsel should include any documentation deemed appropriate by the presiding member chairperson-or-vteo-chairperson. The chairperson or vice-chairperson Bar counsel shall also send a letter to the complainant in confidence, without reference to any admonishment, with a copy to- branch staff counsel, explaining why the complaint did not warrant further proceedings. Admonishments Letters of advice issued by a grievance committee, in connection with findings of no probable cause, shall be in writing and signed by the presiding member of the committee chairperson or vice-chairperson and shall not be made -a-par-t-of — respondent's constitute a disciplinary record.
(1) Recommendation of Private Reprimand Admonishment for Minor Misconduct. If the committee recommends an order of private reprimand admonishment for minor misconduct, the grievance committee report shall be drafted by branch staff bar counsel and signed by the chairperson or vice-chairperson who participated in the hearing or the member of the three (3) member panel who was elected to preside over the panel’s action. The committee report need only include: (1) the committee’s recommendations regarding the private reprimand admonishment, designation withdrawal, and conditions of redesig-nation; (2) the committee’s recommendation as to whether the respondent-should be required to appear before- the-board-for the method of administration of the reprimand admonishment; (3) a summary of any additional charges which will be dismissed if the private-reprimand admonishment is approved; (4) any comment on mitigating, aggravating, or evidentiary matters which the committee believes will be helpful to the board in passing upon the private reprimand admonishment recommendation; and (5) an admission of minor misconduct signed by the respondent, if the respondent has admitted guilt to minor misconduct. No record need be submitted with such a report. After the chairperson^ or vice-chairperson, or presiding member signs the grievance committee report, he or she shall return the report to branch staff bar counsel. The report recommending an private reprimand admonishment shall be forwarded to staff counsel and the designated reviewer for review. If staff counsel does not return the report to the grievance committee to remedy a defect therein, or if the designated reviewer does not present the same to the disciplinary review committee for action by the board, the report shall then be served on the respondent by branch staff bar counsel.
*1020 (m) Rejection of Private Reprimand Admonishment. The order of private ■■ ■reprimand admonishment shall become final unless rejected by the respondent within fifteen (15) days after service upon the respondent. If rejected by the respondent, the report shall be referred to bar counsel and referee for trial on complaint of minor misconduct to be prepared by branch staff counsel as in the case of a finding of probable cause.
(n) Staff Counsel and-Grievance Committee Chairperson Determinations of no Probable Cause. — If staff counsel and a- grievance-committee chairperson concur in a finding of no probable cause, the complaint may be closed on such finding without reference to a -g-r-iev-ance committee.
(on) [RENUMBERED]
Rule 3-7.45 PROCEDURES BEFORE THE BOARD OF GOVERNORS
(a) Review of Grievance Committee Matters. The disciplinary review committee shall review those grievance committee matters referred to it by a designated reviewer. The committee shall make a report to the board and unless overruled by the board the report shall be final.
(1) Whenever a grievance matter is referred to the disciplinary review committee by the designated reviewer, the disciplinary review committee shall promptly review the actions of the grievance committee and the recommendations of the designated reviewer and make a report to the board providing for the issuance of:
a. An private reprimand admonishment which the respondent may thereafter reject in the same manner as an private reprimand admonishment recommended by a grievance committee;
[ (l)b.-d. and (2) NO CHANGE]
(b) Review by the Designated Reviewer. A designated reviewer at any time may review the actions of a grievance committee and shall review those grievance committee-actions referred to him or her, — in writing. In order to allow for review by the designated reviewer, notice of grievance committee action finding no probable cause, no probable cause with a letter of advice, minor misconduct, or probable cause shall be given to the designated reviewer. If the designated reviewer disagrees with the grievance committee action the designated reviewer shall make a report and recommendation to the disciplinary review committee. In those matters referred-in writing tThe designated reviewer shall make the report and recommendation within twenty-one (21) days following the mailing date of the referral notice of grievance committee action; otherwise the grievance committee action shall stand become final.
[ (c)-(f) NO CHANGE]
RULE 3-7.56 PROCEDURES BEFORE A REFEREE
[ (a)-(j) NO CHANGE]
(k) Referee’s Report.
(l) Contents of Report. Within thirty (30) days after the conclusion of a trial before a referee or ten (10) days after the referee receives the transcripts of all hearings, whichever is later, or within such extended period of time as may be allowed by the chief justice for good cause shown, the referee shall make a report and enter it as part of the record, but failure to enter the report in the time prescribed shall not deprive the referee of jurisdiction. The referee’s report shall include: (1) a finding of fact as to each item of misconduct of which the respondent is charged, which findings of fact shall enjoy the same presumption of correctness as the judgment of the trier of fact in a civil proceeding; (2) recommendations as to whether or not the respondent should be found guilty of misconduct justifying disciplinary measures; (3) recommendations as to the disciplinary measures to be applied, provided that an private reprimand admonishment may be recommended only in cases based on a complaint of minor misconduct; (4) a statement of any past disciplinary measures as to the respondent which are on record with the executive director of The Florida Bar or which otherwise become known to the referee through evidence properly admitted by *1021 the referee during the course of the proceedings (after a finding of guilt all evidence of prior disciplinary measures may be offered by bar counsel subject to appropriate objection or explanation by respondent); and (5) a statement of costs incurred by The Florida Bar and recommendations as to the manner in which such costs should be taxed. The costs of the proceedings shall include investigative costs, including travel and out-of-pocket expenses, court reporters’ fees, copy costs, witness and traveling expenses, and reasonable traveling and out-of-pocket expenses of the referee and bar counsel, if any. Costs shall also include a $500 charge for administrative costs. Costs taxed shall be payable to The Florida Bar.
[ (k)(2) and (i)-(m) NO CHANGE]
(n) Cost of Review or Reproduction. The actual cost of reproduction for purposes of these rules is determined by the board to be $1.00 per page. In addition to reproduction charges, the bar may charge a reasonable fee incident to a request to review disciplinary records or for research into the records of disciplinary proceedings and identification of documents to be reproduced.
RULE 3-7.07 PROCEDURES BEFORE SUPREME COURT OF FLORIDA
[RENUMBERED]
RULE 3-7.78 PROCEDURES BEFORE A CIRCUIT COURT
[RENUMBERED]
RULE 3-7.89 CONSENT JUDGMENT
[ (a)-(b) NO CHANGE]
(c) Approval of Consent Judgments. Acceptance of any proposed consent judgment more severe than an pr-ivate-reprimand admonishment shall be conditionaled on final approval by the Supreme Court of Florida, and the Court’s order will recite the disciplinary charges against the respondent.
[ (d)-(e) NO CHANGE]
RULE 3-7.910 REINSTATEMENT AND READMISSION PROCEDURES
[RENUMBERED]
RULE 3-7.101 GENERAL RULES OF PROCEDURE
[ (a)-(d) NO CHANGE]
(e) Oath of Witness. Every witness in every proceeding under these rules shall be sworn to tell the truth and-not-to disclose the existence of the proceeding and the identity of the respondent until the proceeding is no longer confidential under these rules. Violation of this oath shall be an act of contempt of this Court.
(f) [NO CHANGE]
(1) Petition for Order to Show Cause. [NO CHANGE]
(2) Confidentiality, — If the proceeding in which the contempt occurs-is a-confidential proceeding-,-the-eonfidentiality shall be preserved in the contempt proceeding in -the following — manner;—pleadings—shall—be styled “Proceeding by The Florida Bar -under the Rules of Discipline,-The Florida Bar v. (name ■of — the-accused in contempt proceeding).- — No pleadings or matters shall be-filed-with the clerk of the-circuit-court; instead all such matters shall-be-presented to the circuit judge hearing the same and shall be returned-to the agency upon completion of -the-contempt proceedings and then-filed with the record.in-the-disciplinary-ease. — Docket entries-and sentences or judgments — in contempt in the circuit court shall be styled as-provided for in the pleadings and-shall make no references-to the respondent in the disciplinary proceedings in which the contempt occurred-. — If the name of the-respondent shall become of public record, the-court having jurisdiction in the contempt proceeding shall take appropriate steps to preserve the confidentiality of the disciplinary proceedings and shall consider whether- or not the person responsible for the making of the name of the respondent of public record is also guilty of contempt under these Rules of Discipline.
(32) Appellate Review. [RENUMBERED]
*1022 (g) Testimony of Witnesses; Contempt. Unless the respondent claims a privilege or right properly available under applicable law, the respondent or any other person who is subpoenaed to appear and give testimony or produce books, papers, or documents and who refuses to appear or produce books, papers, or documents or who, having been duly sworn to testify, refuses to answer any proper question may be cited for contempt of this Court. Any contempt proceedings instituted or prosecuted during the-progress of an investigation or trial covered by the-eonfidential rule -shall — be conducted in a manner consistent with- such rule and shall not- be made public except under conditions-presmbed in such rule.
[ (h)-(i) NO CHANGE]
RULE 3-7.142 RESIGNATION FROM THE FLORIDA BAR
[RENUMBERED]
RULE 3-7.123 PLACEMENT ON INACTIVE LIST FOR INCAPACITY NOT RELATED TO MISCONDUCT
[RENUMBERED]
RULE 3-7.134 FLORIDA STATUTES SUPERSEDED
[RENUMBERED]
RULE 3-7.145 AMENDMENTS
[RENUMBERED]

. A fee arbitration rule was adopted by this Court in In re Amendment to Rules Regulating the Florida Bar — Chapter 14 (Fee Arbitration Rule), 542 So.2d 975 (FIa.1989).