563 So.2d 749 (1990)
Ginger Jean REITER, Appellant,
v.
Jacob MASON, a/K/a Jackie Mason, Appellee.
No. 89-1267.
District Court of Appeal of Florida, Third District.
June 12, 1990.
*750 Brian R. Hersh and Patricia C. Ellis, Miami, for appellant.
Gerald Mager and Kimberly Hall Doyle, Miami, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
COPE, Judge.
Appellant Ginger Reiter appeals an order denying a motion to dissolve a temporary injunction and unseal the trial court file. This court entered a stay of the injunction pending appeal. We conclude that the motion should have been granted and reverse the trial court order.
Reiter filed an action for determination of paternity and child support against appellee Jacob Mason. See Mason v. Reiter, 531 So.2d 348 (Fla. 3d DCA 1988), review denied, 542 So.2d 989 (Fla. 1989). On January 11, 1988 the trial court entered a temporary injunction which ordered, in part, that Reiter shall not "in any way defame or disparage Respondent's [Mason's] character or reputation; this shall not be applicable to the play O Jackie O [sic] as it is presently constituted."[1] On April 14, 1988 a successor judge entered an order providing, in part, that Reiter "is admonished not to communicate with the news media regarding this proceeding."
At the conclusion of proceedings in the trial court, Reiter moved to dissolve the injunctions. On May 11, 1989 the court denied the motion to dissolve, stating that "the Orders heretofore issued should remain in full force and effect based upon the statutory language contained in Chapter 742 and the inherent power of this Court to control the proceedings... ." The order indicated that "the Petitioner may speak to the media concerning any subject that is not included in the orders of January 11, 1988 and the order of April 14, 1988 pending further Order of Court." The court retained jurisdiction for purposes of enforcing the May 11 order. Reiter appealed.[2]
We first consider that part of the injunction which commanded Reiter not to "defame or disparage Respondent's character or reputation." It is settled that "a court of equity will not enjoin the commission of a threatened libel or slander," Moore v. City Dry Cleaners & Laundry, Inc., 41 So.2d 865, 873 (Fla. 1949), as an action for damages will ordinarily provide a *751 complete remedy. Id. The motion to dissolve should have been granted as to that issue.
We next consider the gag order, which admonished Reiter not to communicate with the news media regarding the paternity proceeding. Not only did the trial court decline to dissolve the April 14 order, but in effect it entered a new injunction permanently continuing the gag order beyond the termination of the paternity proceedings.
Mason primarily relies on section 742.09, Florida Statutes (1989), as authority for the trial court order. That statute provides a misdemeanor penalty for a newspaper, magazine, radio station, or other publication "to publish the name of any of the parties to any court proceeding ... under this [Determination of Paternity] act... ." Although Mason has argued that this section is authority for the gag order, it is textually inapplicable to Reiter.[3] Mason also relies on section 742.031, Florida Statutes (1989), which authorizes the trial court to conduct certain paternity hearings in chambers, but that statute does not address the issue of a gag order.
For present purposes we assume  but do not decide  that the trial court had the authority to impose a narrowly-tailored gag order prior to final judgment below. Assuming that is true, the present order imposes a permanent post-judgment gag on speech. Any gag order implicates important first amendment interests. See, e.g., Butterworth v. Smith, ___ U.S. ___, 110 S.Ct. 1376, 108 L.Ed.2d 572 (1990); Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); Doe v. Gonzalez, 723 F. Supp. 690 (S.D.Fla. 1988), aff'd, 886 F.2d 1323 (11th Cir.1989); The Florida Bar Re: Amendments to the Rules Regulating the Florida Bar (Grievance Procedures and Confidentiality), 558 So.2d 1008 (Fla. 1990); Florida Freedom Newspapers v. McCrary, 520 So.2d 32, 35-36 (Fla. 1988). A permanent ban on speech after the conclusion of the proceeding is particularly disfavored, see Butterworth v. Smith, ___ U.S. ___, ___-___, 110 S.Ct. 1376, 1381-82, 108 L.Ed.2d 572, 581-82; In re Memphis Publishing Co., 887 F.2d 646, 649 (6th Cir.1989); The Florida Bar Re: Amendments to the Rules Regulating the Florida Bar (Grievance Procedures and Confidentiality), 558 So.2d at 1009, and will be very strictly scrutinized.
In the present case it is evident that the material facts of the controversy had become part of the public record prior to the entry of final judgment below. During the proceedings in the trial court, Mason took an interlocutory appeal on the liability issue. Leaving aside any other means by which the information was already in the public domain, our court's published opinion set forth the substance of the controversy and affirmed the trial court's determinations on paternity. See 531 So.2d at 348-49. Because the information was a matter of public record, no useful purpose was served by the gag order. It was therefore an abuse of discretion to deny the motion to dissolve and to extend the gag order beyond the conclusion of the case.[4]
The final issue presented to the trial court was a request that the file, which had been sealed during the proceedings, be unsealed. That request was denied. Chapter 742 provides for mandatory sealing of the file in certain circumstances not involved here. See § 742.091, Fla. Stat. (1989). In the remainder of cases the question of sealing the file is addressed to the sound discretion of the trial court, under the standards set forth in Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 114-19 (Fla. 1988). Under the Barron decision, there is a presumption of openness and "the party seeking closure continues to have the burden to justify closure." 531 So.2d at 118. Mason has offered no particularized justification for maintaining the *752 sealing of the file, the substance of which already appears to be a matter of public record.[5] We conclude that the trial court abused its discretion in denying the motion, and therefore order that the file be unsealed.
We reverse the order under review and remand with instructions to dissolve the injunctions here referred to and to unseal the file.
NOTES
[1] The reference is to a musical stage production entitled "Oh Jackie Oh," written by Reiter.
[2] Contrary to Mason's contentions, the order on the motion to dissolve is appealable either as an order refusing to dissolve an injunction, or as an order which continues or modifies an injunction. Fla.R.App.P. 9.130(a)(3)(B).
[3] Because it is inapplicable, we need not consider Reiter's contention that the section is constitutionally infirm.
[4] We need not reach Reiter's alternative contention that the order does not give sufficiently specific notice of what conduct is prohibited, and that the order sweeps too broadly, although both contentions appear to be substantial ones.
[5] This court denied Mason's motion to seal the file in his earlier appeal.