RAWLS, Acting Chief Judge.
The defendants, Mr. and Mrs. Johnson, have appealed an order denying their motion to vacate final judgment.
The Johnsons contracted with C. E. Williamson to build a $7,500 house on their property. For this job Williamson purchased certain materials from Sanders Builders Supply but never paid for same. Williamson defaulted on the contract when the house was about sixty percent completed and after he had received $5,500 of the contract price. Johnson completed the construction at an additional cost to him of $4,200.
On' September 3, 1965, Sanders filed his complaint in chancery against the Johnsons seeking to enforce an alleged *745 mechanic’s lien. When it appeared that he had no enforceable lien, the plaintiff filed an amended complaint in debt. Defendants entered a general denial and counterclaimed requesting a jury trial. The plaintiff apparently concluded that the counterclaim stated a cause of action so he filed a general denial thereto. In due course both parties moved for summary judgment on the pleadings and affidavits.
Plaintiff Sanders’ affidavit stated that materials of a value of $1,379.66 were placed on defendants’ property, and the hills had been approved by defendants. In his affidavit Johnson stated exactly the opposite; namely, that he was not indebted to Sanders; the materials were not purchased by him; if they were placed on his premises, it was without his knowledge and consent; and that no bills had been approved by him.
Hearing on the motions was set in Fort Walton Beach instead of Crestview where defendants lived although defendants objected to this “transfer” of the case. At this hearing held April 27, 1967, the Circuit Judge announced that he would enter judgment for the plaintiff and requested plaintiff’s attorney to prepare it. The proposed judgment submitted by plaintiff’s attorney stated the sum to be $387.81, and a copy was furnished to defendants’ attorney on May 10, 1967, seven days after the original was transmitted to the judge. For several days thereafter defendants’ attorney checked the records, but no judgment had been filed. Without further notice to defendants, final summary judgment was signed by the judge on May 16 but was not rendered until May 24, 1967. Although Rule 1.510(c), Florida Rules of Civil Procedure, 31 F.S.A., provides that summary judgments “shall be rendered forthwith,” thi one was not rendered until about one month after the hearing.
Defendants’ attorney first learned of the final judgment when he was informed by plaintiff’s attorney on June 6, 1967, while in Tallahassee. Since the time had expired for filing a petition for rehearing, defendants immediately (June 7) moved to vacate. The grounds alleged in that motion were those which would normally constitute a petition for rehearing or motion for new trial. This motion was denied as being untimely filed, and the next day the defendants filed a pleading entitled Motion For A New Trial with attorney Palmer’s afidavit attached thereto. When read together, these two documents allege for the first time that defendants were seeking relief under Rule 1.540, Florida Rules of Civil Procedure, from the final judgment on the grounds that the same was a manifest miscarriage of jus-tive involving a mistake, inadvertence, surprise or excusable neglect. This motion was denied and defendants appealed.
Rule 1.540(b), Florida Rules of Civil Procedure provides: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * *. The motion shall be made within a reasonable time * * * not more than one year after judgment * * * was entered * *
It is undisputed that plaintiff’s attorney furnished by mail to defendants’ attorney a copy of the proposed judgment to be entered in the sum of $387.81 and that the judgment subsequently entered by the trial court was in the sum of $1,379.66. Such action coupled with the trial court’s failure to “forthwith” enter the summary judgment falls within the purview of Rule 1.540(b), Florida Rules of Civil Procedure, and the trial judge erred by failing to vacate the final judgment.
Reversed.
JOHNSON and SPECTOR, JJ., concur.