PIERCE, Chief Judge.
Appellant-plaintiff Bank appeals to this Court from an amended summary final judgment in favor of appellee-defendant Morse, adjudging that the postnuptial agreement entered into by Brenton T. Morse and Marion Beach Morse was a valid and binding agreement and that in and by said agreement Marion waived and released her dower rights in and to the estate of her husband Brenton.
The facts in the case are not complex. In December, 1962, Marion Beach Fox and *659 Brenton T. Morse, in contemplation of marriage, discussed financial matters and executed an antenuptial agreement in which Brenton waived any interest he might acquire in Marion’s separate property by reason of the marriage. Marion did not reveal that she received $300.00 per month from insurance. After the parties were married, at Marion’s suggestion, on or about May 24, 1963, they entered into a postnuptial agreement in which the parties mutually agreed to waive any and all interest in and to the estate of the other, including dower and homestead, the consideration for the relinquishment by Marion being the release, relinquishment and conveyance by Brenton by the postnuptial agreement of all right, title and interest which Brenton under the laws of Florida may have acquired or thereafter acquired by reason of the marriage in and to property owned by Marion or thereafter acquired by her.
During the marriage the parties took title to a home in their joint names, each party paying one-half of the purchase price. They maintained a joint checking account and purchased automobiles in joint names. On the same day that they executed the postnuptial agreement they made their wills in which they left everything to their respective children by former marriages. Brenton’s will referred to a “duly executed agreement” by which Marion waived her right to elect to share in his estate, either by dower or otherwise. Brenton changed the beneficiary on a $5,000.00 life insurance policy from his former deceased wife to Marion.
In 1966 Brenton died, and Marion filed her election to take dower in the County Judge’s Court. Brenton T. Morse, Jr., individually and as administrator c. t. a. of Brenton’s estate, responded by setting up the antenuptial agreement and the post-nuptial agreement. Marion died in July, 1967, and the First National Bank of Clear-water was granted letters testamentary and substituted as a party to the dower proceedings.
This proceeding was brought by the Bank in the Pinellas County Circuit Court for the purpose of having the Court declare the postnuptial agreement invalid for lack of adequate consideration. The defendant, Morse, Jr., answered, alleging the validity of the postnuptial agreement in that there 'were considerations not expressed in the postnuptial agreement, and that Marion was estopped from taking dower. Marion’s deposition taken in the probate proceeding was filed in this case, and the deposition of attorney Ford was taken and filed. Each party propounded interrogatories and requests for admissions.
The Bank contends that the consideration for the postnuptial agreement was illusory since the husband has no right in the wife’s property under F.S. § 708.08 F.S.A. either before or after death, and also because Brenton in an antenuptial agreement had previously waived any interest he might acquire in his wife’s property by reason of marriage.
The summary final judgment did not contain a recital of the Court’s findings, and therefore the judgment of the trial Court will be affirmed by this Court if there is any theory or principle of law upon the pleadings and evidence before us here to support the judgment. Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222.
The lower Court could reasonably have concluded that there was an adequate consideration for the execution of the post-nuptial agreement by Marion. The post-nuptial agreement contained an additional release or waiver of Brenton’s rights in Marion’s assets which was not contained in the antenuptial agreement. In the post-nuptial agreement Brenton released his interest in any potential homestead property which might be owned by Marion, whereas the antenuptial agreement was limited to a release of the nonexistent curtesy rights or intestacy rights.
While Marion did not deny that the agreement was voluntarily entered into, we point out that at the time of the execution of the postnuptial agreement she was *660 a healthy mature woman of 59 years, six years younger than Brenton; she had handled her own business affairs for fourteen years; her estate was larger than Brenton’s, being in excess of $130,000.00; she knew the extent'of Brenton’s estate and admitted that' he had dealt honestly with her at all times; she initiated the postnup-tial agreement, without any suggestion from Brenton, and selected an attorney of her own choice to prepare the agreement. The intent of mutual waivers was set forth clearly in the postnuptial agreement, and Marion testified that it was completely agreeable to her that Brenton’s son should get Brenton’s “things”. There is no doubt that the agreement was voluntarily entered into, cf. Horney v. Rhea, 1943, 152 Fla. 817, 12 So.2d 302; Del Vecchio v. Del Vecchio, Fla.1962, 143 So.2d 17.
The Bank contends that a delay of more than eight months after the hearing in rendering the summary judgment was a violation of RCP 1.510(c), 31 F.S.A., relying on Johnson v. Sanders, Fla.App.1968, 207 So.2d 744. Although Rule 1.510(c) provides that summary judgments “shall be rendered forthwith”, the Bank was not adversely affected by the delay as was the case in Johnson, wherein the judgment actually entered was for approximately $1,-000.00 more than the amount shown in the proposed judgment furnished appellant’s attorney. Also, the time for filing a petition for rehearing had expired when appellant’s attorney learned of the entry of the final judgment. The District Court held that such action coupled with the trial Court’s failure to “forthwith” enter the summary final judgment fell within the purview of RCP 1.540(b), and that the trial Judge erred by failing to vacate the final judgment. In the case sub judice the Bank does not contend that RCP 1.540(b) is applicable.
The judgment appealed is therefore
Affirmed.
LILES and McNULTY, JJ., concur.