348 So.2d 387 (1977)
David E. STONE et al., Appellants,
v.
Lynne B. ROSEN, Appellee.
No. 76-1214.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Horton, Perse & Ginsberg, Stone, Sostchin, Koss & Gonzalez, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Richman & Greer and James D. Little, Miami, for appellee.
Nicholas R. Friedman, Miami, for The Florida Bar, as amicus curiae.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
BARKDULL, Judge.
David E. Stone and the law firm of Stone, Sostchin & Ross, plaintiffs in the trial court, appeal from an adverse summary *388 final judgment in a malicious prosecution action.
Between December of 1973 and January of 1974, David Stone [acting for himself and his wife] negotiated with Lynne B. Rosen for the sale of certain realty. The closing did not take place as scheduled, because a dispute arose between the parties concerning checks drawn on David Stone's trust account to cover an amount due and owing under the terms of the deposit receipt agreement. On January 5, 1974, David Stone filed a suit for specific performance of the deposit receipt agreement. This suit ended in favor of Stone.
On April 9, 1974, while the suit for specific performance was pending, Lynne Rosen wrote a letter to The Florida Bar complaining that attorney Stone had acted improperly by commingling his personal funds with those of his firm's clients. On December 6, 1974, the Grievance Committee of The Florida Bar issued a report finding no probable cause for further disciplinary proceeding.
Thereafter, on April 15, 1975, attorney Stone and his law firm filed an action for malicious prosecution against Lynne Rosen, alleging that the accusations to The Florida Bar were false, malicious, and made without probable cause. On June 12, 1975, Rosen answered and raised as affirmative defenses the defenses of absolute privilege and that the complaint to The Florida Bar was based on probable cause that David Stone had acted improperly. The trial court entered a summary final judgment in favor of Rosen, finding that Rosen's conduct in filing a letter of complaint against David Stone with The Florida Bar and the Dade County Bar Association was qualifiedly privileged. This appeal followed. We affirm.
First, there are no issues of fact as to the essential element of the want of probable cause and, therefore, it was a question of law which could have been determined by the entry of a summary judgment adverse to the plaintiff. Richmond v. Florida Power & Light Co., 58 So.2d 687 (Fla. 1952); Duprey v. United Services Automobile Association, 254 So.2d 57 (Fla. 1st D.C.A. 1971); Fredricks v. School Board of Monroe County, 307 So.2d 463 (Fla. 3rd D.C.A. 1975); cf. Yost v. Miami Transit Co., 66 So.2d 214 (Fla. 1953). Even though the trial judge did not cite this as his reason in the order granting summary judgment, he may be right for any reason appearing on the record. Braren v. Lawyers' Realty Abstract Co. of Sarasota, 196 So.2d 244 (Fla. 2nd D.C.A. 1967); Miami Beach First National Bank v. Borbiro, 201 So.2d 571 (Fla. 3rd D.C.A. 1967); First National Bank of Clearwater v. Morse, 248 So.2d 658 (Fla. 2nd D.C.A. 1971). However, a more important point is what we find to be an absolute privilege on the part of a citizen to make a complaint against a member of the integrated bar of this State. Therefore, we find that the order under review was correct for this reason.
All persons desiring to practice law in this State are required to be members of the integrated bar. Art. 2, Sec. 1, Integration Rule of The Florida Bar. The present rules of the integrated bar give counsel adequate protection of confidentiality until a finding of probable cause and an independent vote as to whether or not the proceedings will be made public. Art. 11, Rule 11.12, Integration Rule of The Florida Bar. There is a split of authority in the country as to whether or not one making a complaint against a member of the bar is entitled to a qualified privilege or an absolute one. Among those extending a qualified privilege are the following States: Alabama and Missouri. Among those extending an absolute privilege are the following States: California, Hawaii, Massachusetts, Nebraska, New York, North Dakota, Ohio, Oregon, and Texas.
In Toft v. Ketchum, 18 N.J. 280, 113 A.2d 671 (1955), cert. denied, 350 U.S. 887, 76 S.Ct. 141, 100 L.Ed. 782 the New Jersey Supreme Court considered a malicious prosecution action by an attorney against a citizen who had filed a complaint with the grievance committee. In holding that an absolute privilege was the appropriate defense, Chief Justice Vanderbilt, joined by *389 present United States Supreme Court Justice William Brennan, wrote:
* * * * * *
"The basic question before us is whether public policy requires that the filing of a complaint with an ethics and grievance committee be privileged. In dealing with this issue we are confronted by two conflicting considerations of policy. On the one hand, there is the injury that may be suffered by any attorney as a result of the institution of disciplinary proceedings against him on what turns out to be improper or groundless charges. Even if the charges against him are found to be baseless and the complaint is dismissed, he still may suffer from the public knowledge of these proceedings which may damage his reputation and injure his ability in the future to earn a living. * *
"On the other hand, however, it is in the public interest to encourage those who have knowledge of any unethical conduct of attorneys to present such information to the appropriate county ethics and grievance committee so that this court may carry out its constitutional disciplinary duties. * * *
* * * * * *
"In attempting to do justice as between these two conflicting interests, we are necessarily forced to give great weight to the fact that we have been charged by Constitution with the solemn duty of ridding the bar of those who are unfit to practice our profession. As we have seen, this is fundamentally a duty to the public and it is necessary that we make every effort to do this job to the best of our ability. If each person who files a complaint with the ethics and grievance committee may be subject to a malicious prosecution action by the accused attorney there is no question but that the effect in many instances would be the suppression of legitimate charges against attorneys who have been guilty of unethical conduct, a result clearly not in the public interest. And although to deprive an attorney of his right to recover damages in a civil action for the malicious filing of such a complaint without probable cause occasionally works a hardship upon the attorney * * * we are of the opinion that this result must follow if we are to properly carry out our constitutional duty to maintain the high standards in our bar. * * *"
* * * * * *
Members of the legal profession are accorded rights and privileges not enjoyed by the public at large; the acceptance of these carries with it certain responsibilities and obligations to the general public. For the sake of maintaining the high standards of the profession and disciplining those who violate the Canons of Legal Ethics, one who elects to enjoy the status and benefits as a member of the legal profession must give up certain rights or causes of action which, in this instance, is the right to file an action against a complainant who lodges an unsuccessful complaint with the Grievance Committee of The Florida Bar.
Therefore, for the reasons above stated, the final summary judgment here under review be and the same is hereby affirmed.
This case appears to be one of first impression in Florida, and has drawn the interest of The Florida Bar by its appearance in this proceeding as amicus curiae. Therefore, because of the impact of this decision on the members of The Florida Bar, we are going to certify same to the Supreme Court of Florida as passing upon a question of great public interest.