695 So.2d 1257 (1997)
Donald TOBKIN, Appellant,
v.
Kimberly L. JARBOE and Linda Jarboe, Appellees.
No. 96-2317
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Rehearing and Rehearing Denied July 16, 1997.
Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellant.
Thomas R. Julin, Edward M. Mullins and Marc J. Heimowitz of Steel Hector & Davis LLP, Miami, for appellees.
Rehearing and Rehearing En Banc Denied July 16, 1997.
PER CURIAM.
Appellant's fourth amended complaint alleged defamation against non-media appellees, allegedly occurring in letters sent, and statements made about appellant, to The Florida Bar. The trial court dismissed with prejudice stating:
Plaintiff has failed to present this court with facts sufficient to state a cause of action for defamation in Florida. Plaintiff does not deny that he failed to provide the pre-suit notice required by Florida law. Fla. Stat. ch. 770.01 (1993) precludes the filing of a lawsuit for libel or slander until five days after the claimant has given notice specifying the publication at issue and the statements therein which are alleged *1258 to be false and defamatory. Prior to Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So.2d 113 (Fla.1993), courts were in disagreement over whether section 770.01 applied only in cases against media defendants. Compare Della-Donna v. Gore Newspapers Co., 463 So.2d 414, 414 (Fla. 4th DCA 1985) ("Section 770.01 ... does not apply to non-media defendants") with King v. Burris, 588 F.Supp. 1152, 1158 (D.Colo.1984) (applying Florida law and holding that the requirements of Section 770.01 apply to non-media defendants); Laney v. Knight-Ridder Newspapers, Inc., 532 F.Supp. 910, 913 (S.D.Fla.1982) (applying Florida law and holding that Section 770.01 "is applicable to all defendants in actions for libel or slander"). Wagner, Nugent makes it clear that Chapter 770 is "applicable to all civil litigants, both public and private, in defamation actions." Wagner, Nugent, 629 So.2d at 115. Thus, defendants were entitled as a condition precedent to the filing of this defamation action to receive pre-suit notice. Failure to comply with Section 770.01 mandates dismissal of the action.
Section 770.01, Florida Statutes (1995), states:
Notice condition precedent to action or prosecution for libel or slander. Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.
The trial court failed to follow Ross v. Gore, 48 So.2d 412 (Fla.1950), which held:
It is our opinion that the provision of the statute requiring notice in writing of the defamatory publication, as a condition precedent to filing suit, and as required only in suits against newspapers and periodicals, is a valid classification based upon some difference in the classes having a substantial relation to the purpose for which the legislation was designed and is not, therefore, contrary to the "equal protection" clause of the Fourteenth Amendment to the Federal Constitution.
Id. at 416 (emphasis added). See also Della-Donna v. Gore Newspapers Co., 463 So.2d 414 (Fla. 4th DCA 1985); Bridges v. Williamson, 449 So.2d 400 (Fla. 2d DCA 1984); Davies v. Bossert, 449 So.2d 418 (Fla. 3d DCA 1984).
The trial court found: "Wagner, Nugent makes it clear that Chapter 770 is `applicable to all civil litigants, both public and private, in defamation actions.'" Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So.2d 113 (Fla.1993), confronted the issue of when the two year statute of limitations for libel or slander begins to run; upon publication or discovery. Id. at 114. The court considered section 770.07, which states:
Cause of action, time of accrual.The cause of action for damages founded upon a single publication or exhibition or utterance... shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state.
Id. at 115. The court then stated:
Although chapter 770 primarily addresses media defendants, we note the chapter is broadly titled Civil Actions for Libel. We hold the above statute applicable to all civil litigants, both public and private, in defamation actions. To rule otherwise would allow potentially endless liability since Florida Statutes contains no statute of repose for this particular tort.
Id. at 115. The context of this statement makes it clear that the court in Wagner, Nugent was applying only section 770.07 to all civil litigants, not the entire chapter 770.
Appellees also argue that section 770.01 must apply to all defendants because a classification limiting it to media defendants would not serve a compelling state interest sufficient to survive strict scrutiny. However, the state needs to show that a classification is narrowly tailored to serve a compelling governmental interest only when the classification impinges upon the exercise of a fundamental right. Plyler v. Doe, 457 U.S. 202, 217, 102 S.Ct. 2382, 2395, 72 L.Ed.2d 786 (1982), reh'g denied, 458 U.S. 1131, 103 S.Ct. *1259 14, 73 L.Ed.2d 1401 (1982). Appellees have not cited any authority for the proposition that the right to pre-suit notice under section 770.01 is a fundamental right. The Florida Supreme Court's analysis of sections 770.01 and 770.02 in Ross, makes it clear that the classification has, at least, a rational basis.
Were this the only issue raised by appellees in the trial court, we would be compelled to reverse. However, there was another issue raised by appellees in their motion to dismiss; namely, absolute privilege, upon which the court did not rule by dismissing the complaint in reliance upon Wagner. Under Parker v. Gordon, 442 So.2d 273 (Fla. 4th DCA 1983), the dismissal can properly be affirmed on an alternative ground; and we do so.
In Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977), the third district has stated:
Members of the legal profession are accorded rights and privileges not enjoyed by the public at large; the acceptance of these carries with it certain responsibilities and obligations to the general public. For the sake of maintaining the high standards of the profession and disciplining those who violate the Canons of Legal Ethics, one who elects to enjoy the status and benefits as a member of the legal profession must give up certain rights or causes of action which, in this instance, is the right to file an action against a complainant who lodges an unsuccessful complaint with the Grievance Committee of The Florida Bar.
Id. at 389. This court has adopted the above reasoning. Mueller v. The Florida Bar, 390 So.2d 449, 453 (Fla. 4th DCA 1980).
We find that The Florida Bar Re Amendments To The Rules Regulating The Florida Bar, 558 So.2d 1008, 1014 (Fla.1990); Rules Regulating the Florida Bar, 3-7.1(f), (h), (k) did not affect the conclusion in Stone because the reasoning remains sound in enhancing the professionalism of lawyers.
GLICKSTEIN, FARMER and KLEIN, JJ., concur.