710 So.2d 975 (1998)
Donald TOBKIN, Petitioner,
v.
Kimberly L. JARBOE, et al., Respondents.
No. 91236.
Supreme Court of Florida.
May 28, 1998.
Richard A. Barnett, Hollywood, and Donald A. Tobkin, Fort Lauderdale, for Petitioner.
Thomas R. Julin, Edward M. Mullins, and Eduardo W. Gonzalez, of Steel, Hector and Davis LLP, Miami, for Respondent.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Amicus Curiae.
HARDING, Justice.
We have for review Tobkin v. Jarboe, 695 So.2d 1257 (Fla. 4th DCA 1997), based upon apparent conflict with this Court's decision in Florida Bar Re Amendments to Rules Regulating The Florida Bar (Grievance Procedures and Confidentiality), 558 So.2d 1008 (Fla.1990) [hereinafter Bar Rules]. We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
This Court accepted jurisdiction to resolve apparent conflict between Tobkin and Bar Rules on the issue of what immunity, if any, is afforded an individual who files a complaint *976 against an attorney with The Florida Bar.
This case arises out of an attorney-client relationship between Donald Tobkin and the Jarboe family. The Jarboes hired Tobkin to represent them in a Pennsylvania probate matter. Kimberly Jarboe complained in letters to The Florida Bar about Tobkin's professional conduct. Linda Jarboe also sent a letter to The Florida Bar allegedly affirming Kimberly Jarboe's allegations of Tobkin's misconduct. The Jarboes' complaints regarding Tobkin were confined to their letters to the Bar; thus no public announcement of the complaints was made outside of the grievance process by the Jarboes. After The Florida Bar Grievance Committee unanimously found no probable cause to believe that Tobkin was guilty of misconduct justifying disciplinary action, Tobkin filed a civil action against the Jarboes alleging libel stemming from the Jarboes' complaint letters to the Bar. The trial court dismissed Tobkin's fourth amended complaint with prejudice finding that Tobkin had failed to present facts sufficient to state a cause of action for defamation in Florida.
On appeal, the Fourth District Court of Appeal affirmed the trial court's dismissal of Tobkin's complaint holding that statements made to The Florida Bar in a complaint are protected by an absolute privilege under Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977).
Stone involved circumstances similar to those presented in the instant case. Lynne Rosen wrote a letter to The Florida Bar complaining that attorney David Stone was improperly commingling his personal funds with those of his clients. The Florida Bar found no probable cause for further disciplinary proceedings against Stone. Stone then filed an action for malicious prosecution against Rosen claiming that Rosen's accusations to The Florida Bar were false, malicious, and made without probable cause. Rosen asserted the defense of absolute immunity. The trial court entered summary judgment in favor of Rosen finding that Rosen's complaint to The Florida Bar was qualifiedly privileged. Stone, 348 So.2d at 388.
On appeal, the Third District Court of Appeal held that there was "an absolute privilege on the part of a citizen to make a complaint against a member of the integrated bar." Id. The court reasoned:
For the sake of maintaining the high standards of the profession and disciplining those who violate the Canons of Legal Ethics, one who elects to enjoy the status and benefits as a member of the legal profession must give up certain rights or causes of action which, in this instance, is the right to file an action against a complainant who lodges an unsuccessful complaint with the Grievance Committee of The Florida Bar.
Id. at 389.
We conclude that the Third District Court of Appeal's reasoning in Stone remains sound today. Accordingly, we agree with the Fourth District Court of Appeal's conclusion here that Bar complainants are protected by an absolute privilege in so far as the complainant makes no public announcement of the complaint outside of the grievance process, thus allowing the grievance procedure to run its natural course.
In Bar Rules, this Court adopted several proposed amendments to the Rules Regulating the Florida Bar. See Bar Rules, 558 So.2d 1008 (Fla.1990). In our adoption of rule 3-7.1, we opened the grievance process to public review, limiting disclosure to "information concerning the status of the proceedings and information which is part of the public record." Id. at 1010.
In the present case, Tobkin argues that this Court's decision in Bar Rules allows an attorney, upon a finding of no probable cause by the Bar Grievance Committee, to sue the complainant for defamation because the Bar Rules opinion removed the absolute privilege afforded complainants under Stone. Tobkin points out that at the time of the Stone opinion, grievance proceedings were confidential; thus, Tobkin asserts that the interest in protecting attorneys from meritless complaints was absent because the confidentiality requirement kept the complaint from public view. Tobkin argues that by opening the grievance process to public review in Bar Rules, this Court removed the absolute privilege *977 afforded complainants under Stone and, as a result, the Tobkin decision from the district court is in conflict with Bar Rules.
We resolve this apparent conflict in favor of the district court's decision in Tobkin. The changes made to the rules in our Bar Rules decision did not remove the absolute immunity afforded an individual who files a Bar complaint against a member of The Florida Bar under the circumstances that exist here.
Inherent in the Bar Rules decision was this Court's recognition of the strong public policy reasons for encouraging individuals with knowledge of attorney misconduct to step forward and present such evidence so that this Court may carry out its disciplinary duties. We acknowledge the possibility that groundless or baseless complaints against attorneys may sometimes be filed by individuals. However, Bar complainants must be encouraged to step forward with legitimate complaints, which will further the important public policy of disciplining attorney misconduct.
Florida is not alone in recognizing an absolute immunity for individuals who file complaints against members of an integrated Bar. Most jurisdictions throughout the United States recognize an absolute immunity for Bar complainants. See, e.g., Ala. R. Disc. P. 15(a); Ga. State Bar R. 4-221(g). In addition, the American Bar Association's Model Rules for Lawyer Disciplinary Enforcement recognize an absolute privilege for communications made within grievance procedures. See Model Rules For Lawyer Disciplinary Enforcement Rule 12 (1993).[1]
We also recognize the inequitable balance of power that may exist between an attorney who brings a defamation action and the client who must defend against it, which in turn creates the potential for attorney intimidation of Bar complainants. Attorneys schooled in the law have the ability to pursue defamation litigation through their own means and with minimal expense when compared with the Bar complainants. Conversely, the cost of litigation coupled with the risk of liability in defending against such an action could be enough to discourage an individual from bringing a meritorious complaint. The mere possibility of chilling valid complaints would undermine public confidence in this Court's ability to regulate and discipline unethical members of The Florida Bar.
Thus, we hold that an individual who files a complaint against an attorney and makes no public announcement of the complaint, thereby allowing the grievance procedure to run its natural course, is afforded absolute immunity from a defamation action by the complained-against attorney. However, if, after filing a complaint, the complainant comments publicly or outside the grievance process, then the afforded immunity ceases to exist.
Recognizing an absolute immunity for a complainant who follows The Florida Bar grievance procedures when filing a complaint will prevent any chilling effect on Bar complaints while at the same time adequately protect attorneys. If an individual files a complaint against an attorney and the Bar Grievance Committee finds probable cause to believe the attorney is guilty of misconduct justifying disciplinary action, then the attorney is clearly in no position to complain about the absolute immunity afforded the complainant. However, if a baseless Bar complaint is filed against an attorney and the Bar Grievance Committee returns a finding of no probable cause, then public exoneration is a suitable remedy for any negative effects created by the public awareness that a complaint has been made against that attorney. Granting a complainant absolute immunity when filing a complaint against a member of this state's integrated Bar is essential in order for the legal profession, and this Court, to adequately police its members and discipline those who violate the ethical standards of the legal profession. The net result will benefit both the legal profession and the public.
*978 Accordingly, we approve the decision of the Fourth District Court of Appeal in Tobkin and, as explained above, resolve any conflict in the Bar Rules decision in favor of an absolute immunity for an individual who files a complaint against an attorney as long as the complainant makes no public announcement of the complaint outside the grievance process.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, Justice, dissenting.
Conflict exists in this case because in Florida Bar re Amendments to the Rules Regulating The Florida Bar (Grievance Procedures and Confidentiality), 558 So.2d 1008 (Fla.1990), this Court stated:
After careful consideration, we approve all amendments proposed by the Board of Governors except those which are in conflict with the above recommendation of the [Florida Bar Disciplinary Review Commission].... [W]e adopt the confidentiality scheme which opens the grievance process to public review, as recommended by the Commission.

The Florida Bar, 558 So.2d at 1009 (emphasis added). The recommendation of the Commission was that "[t]he complainant shall not have absolute immunity or privilege from civil liability when he or she files a complaint with The Florida Bar but shall be subject to applicable Florida law."[2] The Commission further explained in its commentary that it recommended a rule providing qualified immunity. Loucks Report at 28-29.
It is my view that the Loucks Report recommendation was well reasoned in 1990 and that this Court was correct in adopting it in The Florida Bar. The majority gives no reason at all for receding from this Court's 1990 decision.
As much as I agree that we should prevent the chilling of grievance filings, I must also consider and weigh the chilling and sometimes devastating effect to an attorney's career and life of an expressly malicious and false grievance filing made with intent to injure the attorney. I believe the majority opinion ignores the reality of this effect when it concludes that "if a baseless Bar complaint is filed against an attorney and the Bar Grievance Committee returns a finding of no probable cause, then public exoneration is a suitable remedy for any negative effects created by the public awareness that a complaint has been made against that attorney." Majority op. at 977.
Moreover, those who serve in the Bar grievance process on grievance committees and the Board of Governors know that malicious grievance filings are actually a fact of the present practice of law. Such filings can be and have been used as tactical weapons against attorneys to accomplish purposes that have nothing to do with violation of the rules of professional conduct. Attorneys should not be defenseless against this tactic nor should the grievance process be freely available to those who employ this tactic.
I believe that the public, attorneys, and the grievance process are best served by providing a complainant with qualified rather than absolute immunity from civil liability for defamation. In accord with the amicus brief filed on behalf of The Florida Bar in this present case, I would hold that qualified immunity attaches to the initial complaint to The Florida Bar by an individual against an attorney.
NOTES
[1] The ABA Model Rules For Lawyer Disciplinary Enforcement Rule 12 states in relevant part:

Communications to the board, hearing committees, or disciplinary counsel relating to lawyer misconduct or disability and testimony given in the proceedings shall be absolutely privileged, and no lawsuit predicated thereon may be instituted against any complainant or witness.
[2] William E. Loucks, Chairman, Disciplinary Review Commission Report to Supreme Court of Florida and the Florida Bar Board of Governors 28-29 (Jan.1989) (Loucks Report).