SHAHOOD, J.
This is an appeal by the State of Florida from an order granting appellee’s, Bryce L. Rutherford, motion to dismiss. At issue is whether the trial court erred in granting appellee’s motion to dismiss based on a finding that appellee had absolute immunity from prosecution for filing an allegedly false Florida Bar complaint. We hold the trial court erred, and reverse the order of dismissal.
Appellee was charged by information with perjury by false declaration. It was alleged that she knowingly signed and verified as true and correct a Florida Bar inquiry complaint form when she knew the contents of the complaint form were false. The subject of the complaint was appel-lee’s former employer, attorney John Carter. The complaint was investigated and resolved in favor of Mr. Carter.
Thereafter, the law firm of Carter & Thomas, L.L.P. and John E. Carter filed a complaint for malicious prosecution, defamation, tortious interference with a business relationship, and injunction against appellee. The suit was dismissed without prejudice to refile in Palm Beach County. An appeal was filed, but ultimately voluntarily dismissed.
Four months later, the State filed criminal charges against appellee. In the initial stages of the proceedings, the State sought a pre-trial determination of whether appel-lee was entitled to dismissal pursuant to Tobkin v. Jarboe, 710 So.2d 975 (Fla.1998). It was the State’s position that the facts presented a prima facie case of perjury by false statement. The State argued that prosecution was entirely proper because appellee knowingly made a false statement and asserted its truthfulness under penalties of perjury. Concluding that Tobkin grants absolute immunity to citizens who file complaints against members of the bar, the trial court granted appellee’s motion to dismiss.
In Tobkin, the supreme court addressed the issue of “what immunity, if any, is afforded an individual who files a complaint against an attorney with The Florida Bar.” Tobkin, 710 So.2d at 975-76. In that case, The Florida Bar investigated a complaint against an attorney, found there was no probable cause, and dismissed the complaint. Id. Thereafter, the attorney filed a civil action against the complainant for defamation, but the case was dismissed. On appeal, this court affirmed the dismissal based on a finding of absolute privilege under Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977). Tobkin, 710 So.2d at 975-76.
On review, the supreme court affirmed the dismissal concluding that the following reasoning from Stone was sound:
For the sake of maintaining the high standards of the profession and disciplining those who violate the Canons of Legal Ethics, one who elects to enjoy the status and benefits as a member of *447 the legal profession must give up certain rights or causes of action which, in this instance, is the right to file an action against a complainant who lodges an unsuccessful complaint with the Grievance Committee of The Florida Bar.
Tobkin, 710 So.2d at 976 (quoting Stone, 348 So.2d at 389). As a result, the Tobkin court held:
[T]hat an individual who files a complaint against an attorney and makes no public announcement of the complaint, thereby allowing the grievance procedure to run its natural course, is afforded absolute immunity from a defamation action by the complained-against attorney. However, if, after filing a complaint, the complainant comments publicly or outside the grievance process, then the afforded immunity ceases to exist.
Id. at 977. The court reasoned that this result “will prevent any chilling effect on Bar complaints while at the same time adequately protect attorneys.” Id.
The State acknowledges Tobkin’s applicability in civil cases, but disputes that it controls in criminal prosecutions where an allegedly false bar complaint was attested to and filed “under penalties of perjury.” The Florida Bar inquiry/complaint form used in this case states, “[ujnder penalty of perjury, I declare the foregoing facts are true and correct and complete.” Rule 3-7.3(c), Rules Regulating The Florida Bar, provides that “[a]ll complaints, except those initiated by The Florida Bar, shall be in writing and under oath.” The supreme court has held that “a signed declaration using the language contained in rule 3-7.3(c) subjects a person to the laws of perjury.” The Florida Bar v. Vernell, 721 So.2d 705, 707 (Fla.1998) (citing section 92.525, Florida Statutes (1995)).
It is not necessary that the bar complaint contain an oath administered by an official or that the signature be notarized. Id. at 707-08.
We therefore hold that, while Tobkin provides an absolute immunity against retaliatory civil lawsuits brought by attorneys who were the subject of bar complaints against the complainants, it does not go so far as to shield a complainant from an action by the State for abusing the process by filing a false complaint under penalties of perjury. To hold otherwise would render rule 3-7.3(c), Rules Regulating The Florida Bar, meaningless. There would be no other reason for requiring the oath language if “penalties of perjury” did not mean that the complainant could be prosecuted for perjury for filing a false complaint.
Accordingly, it was error for the trial court to dismiss the case against appellee.
REVERSED.
STONE and HAZOURI, JJ., concur.