# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-0696
Lower Tribunal No. 15-21845
_____


**Gursky Ragan, P.A., etc., et al.,**
Appellants,

vs.

**Association of Poinciana Villages, Inc., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Kluger, Kaplan, Silverman, Katzen and Levine, P.L., and Abbey L. Kaplan, and Ryan Bollman, for appellants.

Patsko Law Group, and Joseph T. Patsko (Tampa), for appellee.


Before FERNANDEZ, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellants Gursky Ragan, P.A.; Darrin Gursky; and Marnie Ragan appeal an order entering final summary judgment in favor of Appellee Association of Poinciana Villages ("APV"). The underlying defamation action stems from the disclosure of the contents of a bar complaint against Gursky and Ragan. Disclosure of the bar complaint occurred when it was attached to a complaint in a separate replevin action. The lower court found that the absolute litigation privilege barred Appellants' defamation action. We affirm on the sole basis that the alleged defamation bore some relation to the replevin action.

"The law has long recognized that judges, counsel, parties, and witnesses should be absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry." DelMonico v. Traynor, 116 So. 3d 1205, 1211 (Fla. 2013). In other words, defamatory statements are absolutely privileged when they are (1) published in the course of judicial proceedings and (2) bear some relation to or connection with with the subject of inquiry. On appeal, Appellants limit their arguments to whether the alleged defamation bears some relation to or connection with the subject of inquiry.[1] We therefore limit our analysis to this inquiry, and we

---

[1] We agree with Appellants that the bar complaint privilege does not apply here because the contents of the complaint were disclosed outside the grievance process. See Tobkin v. Jarboe, 710 So. 2d 975, 976 (Fla. 1998) ("Bar complainants are

do not address whether the alleged defamatory statements were published in the course of judicial proceedings.

In determining whether a statement bears some relation or connection with the subject inquiry, Florida courts apply a broad standard. See id. at 1213 ("[M]uch latitude must be allowed to the judgment and discretion of those who maintain a cause in court when determining what is pertinent." (quoting Myers v. Hodges, 44 So. 357, 362 (Fla. 1907)) (internal quotation marks omitted)); see also Hope v. Nat'l All. of Postal & Fed. Emps., 649 So. 2d 897, 901 (Fla. 1st DCA 1995) ("In recognition of the necessity of providing for the free flow of information, however, courts have not imposed a strict relevancy test in determining whether a statement made in the judicial process is entitled to immunity; rather, courts provide for absolute immunity if a statement is made during the course of the proceeding and 'has some relation to the proceeding.'" (citing Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994))).

Based solely on this broad standard, we affirm.

---

protected by an absolute privilege in so far as the complainant makes no public announcement of the complaint outside of the grievance process, thus allowing the grievance procedure to run its natural course.").